## Childers, et al. v. Ratliff, et al.

(Decided April 14, 1915.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Jurisdiction—Supersedeas.—Under the act of March 17th, 1914 (Acts 1914 p. 94; Ky. Sts., Sec. 950), regulating appeals to the Court of Appeals, and rule 20 of that court, an appeal from a money judgment for a sum as much as $200.00, exclusive of interest and costs, but less than $500.00, can be granted only by the Court of Appeals; and the judgment can be superseded only by executing a supersedeas bond before the Clerk of the Court of Appeals.

2. Appeal and Error—Jurisdiction—Supersedeas.—A circuit court is without jurisdiction to grant an appeal from a judgment for $203.00; and a supersedeas bond taken thereunder by the circuit court clerk, is void.

CHILDERS & CHILDERS for appellants.

F. W. STOWERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Dismissing appeal without damages.

On July 4th, 1914, the appellee, Georgia Ratliff, recovered a judgment in the Pike Circuit Court against the appellants, J. E. and A. F. Childers, for $203.00, and, on the same day the circuit court granted them an appeal to this court.

Appellants having failed to prosecute their appeal, the appellee Ratliff filed a certified copy of the judgment and supersedeas bond in this court on March 16th, 1915, and, upon notice duly given, moved this court to dismiss the appeal, with 10 per cent. damages, under Section 764 of the Civil Code of Practice, upon the ground that the defendants had not prosecuted their appeal to the second term of this court next after the

judgment appealed from had been granted, as is required by Section 738 of the Civil Code.

Since the Act of March 17th, 1914, regulating appeals to this court became effective before the judgment was entered, Childers' right to an appeal was controlled by that Act. (Acts 1914, p. 94, Ky. Stats., Sec. 950.)

Under the first section of the Act of 1914, and Rule 20 of this court adopted for the purpose of administering the Act, an appeal from a money judgment for a sum as much as $200.00, exclusive of interest and costs, but less than $500.00, can be granted only by the Court of Appeals; and the judgment can be superseded only by executing a supersedeas bond before the clerk of the Court of Appeals.

The Pike Circuit Court was, therefore, without jurisdiction to grant the appeal in this case; the attempt to do so was a nullity; and there being no appeal, the supersedeas bond was void. Asher v. Cornett, 126 Ky., 572; Turner v. Wickliffe, 146 Ky., 776; Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky., 343; Dougherty v. Central Trust Co., Ex., &c., 155 Ky., 380.

The motion to dismiss the appeal is sustained; the motion for damages upon the bond is overruled.