### Gering v. Hoke, et al.

(Decided May 18, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Courts—Court of Appeals—Jurisdiction.—An action to recover $442.00 on a note secured by vendor's lien on real estate is not an action in which the right to enforce a statutory lien on land is involved, and an appeal may not be granted from the judgment therein, as a matter of right, under the Act of March 17, 1914 (Ky. Stat., 1915, Section 950).

W. L. DOOLAN for appellant.

BENJAMIN F. GARDNER for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Overruling motion for appeal. Appeal granted below dismissed.

The judgment before us was rendered by the court below on June 20, 1914, after the act of March 17, 1914, (now Section 950, Kentucky Statutes, 1915), became effective; and it grants the plaintiff an appeal to this court.

The amount in controversy is only $442.00. The judgment does not state, nor do the attorneys suggest, upon what ground the circuit court assumed jurisdiction to grant the appeal. We assume, however, that it was either upon the idea that the title to land was involved,

or because it was an action to enforce a lien on land, and that an appeal was allowed as a matter of right.

The statute referred to contains the following language: "An appeal may be taken to the Court of Appeals as a matter of right, from the judgment of the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon, is directly involved."

This action was instituted by the appellant to recover $1,741.67 on a note secured by vendor's lien on three lots of land, which appellant had sold to appellee. After the suit was brought, appellee paid to appellant, and appellant accepted, all he claimed to be due on said note except the sum of $442.00, after which appellee filed an answer and counter-claim praying judgment thereon in the sum of $442.00, and that it be applied to the extinguishment of the remainder of the note sued on.

Appellee's contention was that the lots which appellant sold to him were represented to contain more land than they really contained, and that he purchased them by the front foot. He admitted that he got all the land he purchased—that is, the boundary purchased—but claimed that appellant represented one of the lots to have a frontage of seventy feet, when in fact its frontage was only fifty feet. Appellant admitted that the lot contained but fifty feet frontage, but claimed the sale was in gross, and not by the foot front. So there was no question of title involved. The chancellor sustained appellee's contention, and dismissed the petition.

By an examination of the statute above quoted, it will be seen that the lien referred to in that part of the statute allowing appeals as a matter of right, in cases where the right to enforce a lien on land is involved, is a statutory lien—a lien created by statute—and does not embrace a lien created by contract, such as vendors' liens and mortgage liens. The circuit court was, therefore, without jurisdiction to grant the appeal, and the appeal will have to be and is dismissed. Childers v. Ratliff, et al., 164 Ky., 123.

As the record stands, however, the amount in controversy being "as much as two hundred dollars and less than five hundred dollars," it will be treated as before us on a motion of plaintiff that this court grant him an appeal; and this motion is overruled.