## Oman-Bowling Green Stone Company v. Louisville & Nashville Railroad Company.

(Decided May 3, 1916.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Jurisdiction of Circuit Court to Grant Appeal. —A circuit court has no jurisdiction to grant an appeal from a money judgment which involves less than $500.00; an appeal so granted will be dismissed by the Court of Appeals.

2. Appeal and Error—When Court of Appeals May Grant Appeal.— Under section 950 of the Kentucky Statutes, the Court of Appeals may grant an appeal from a money judgment involving as much as $200.00, but less than $500.00, in case it should be satisfied from an examination of the record that the ends of justice require that the judgment should be reversed.

3. Appeal and Error—When Court of Appeals May Grant Appeal.—A party desiring to appeal from a money judgment involving as much as $200.00, but less than $500.00, must file his record in the office of the Clerk of the Court of Appeals, accompanied by a written motion of the appellant asking the court to grant an appeal. The Court of Appeals will then hear the case as in other appeals; and if, on considering the case, it appears to the court that error was committed by the lower court, prejudicial to the substantial rights of the appellant, or that the construction of a statute or a section of the constitution is involved, the motion to grant an appeal will then be sustained by the Court of Appeals and an opinion written. Rule 20.

W. B. GAINES for appellant.

SIMS & RODES and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Overruling motion to set aside order dismissing appeal.

Appellant sued appellee for $286.48. By its judgment of March 13th, 1915, the circuit court dismissed the petition and granted the plaintiff an appeal to this court.

The judgment appealed from involving less than $500.00, the appeal was dismissed on April 18th, 1916, for want of jurisdiction. Ky. Sts., sec. 950; Childers v. Ratliff, 164 Ky. 123.

Appellant now makes the following motions:

"1. Comes now the appellant and moves the court to set aside the order dismissing the appeal herein and to grant it an appeal, and for cause says that the appeal and reversal of this case is prayed for in the brief of its counsel and counsel in good faith believed that that was all the motion required or contemplated in the rule laid down by the court as to the matter of taking an appeal.

"2. If this may not be granted, appellant prays that the order dismissing the appeal be modified to the extent of simply striking the case from the docket and be set aside in so far as it dismisses the appeal, and for cause says that two years have not elapsed since the judgment below was rendered, and that appellant desires an opportunity to ask this court for an appeal in the proper way."

The record, however, shows that an appeal was granted by the circuit court; no appeal was granted, or asked in this court. Under section 950 of the Kentucky Statutes, this court may grant an appeal in this case if it should be satisfied from an examination of the record that the ends of justice require that the judgment should be reversed; and the practice of procuring such an appeal is prescribed by rule 20 of the court. Under that rule the appellant must file his record in the office of the clerk of this court, "and there must accompany the record a written motion of the appellant asking the court to grant an appeal." The case will then be put on the docket in the same manner, and called at the same time, as other cases, and will receive the same consideration. The appeal, however, is not then granted; but if on considering the case it appears to the court that error was committed by the lower court prejudicial to the substantial rights of the appellant, or that the construction of a statute or a section of the constitution is involved, the motion to grant an appeal will then be

sustained by the court and an opinion written; but if it should appear that the substantial rights of the appellant have not been prejudiced by errors committed in the lower court, and that the judgment should be affirmed, the motion for an appeal will be overruled without an opinion, unless the court thinks the question involved is of sufficient importance to write an opinion. An order refusing to grant an appeal has the same effect as an affirmance of the judgment.

As above stated, the foregoing practice is plainly set forth in rule 20 of this court.

In the case at bar, however, the appeal granted by the circuit court was properly dismissed, because that court was without jurisdiction to grant it. Appellant has made no attempt to obtain an appeal in this court, in the way prescribed by the rule. In order to have the judgment of the circuit court reviewed in this case, appellant should have filed with the record a written motion asking this court to grant an appeal. The case would then have stood upon the docket for hearing as other cases, although the question of granting the appeal would not have been disposed of until the case was considered upon its merits. That may yet be done; but the motions of appellant, as above set forth, will have to be overruled.