## Kentucky Traction & Terminal Company v. Grimes.

(Decided December 15, 1916.)

Appeal and Error—Incomplete Record—Rule 20.—For the purpose of complying with rule 20 of court requiring appellant to file the record when he makes his motion for an appeal in cases involving less than $500.00, the appellant may file less than the complete record.

GUY H. BRIGGS and WALLACE MUIR for appellant.

J. P. HOBSON & SON and J. H. POLSGROVE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Overruling objections to granting appeal.

Appellee recovered a judgment for $450.00, against appellant on September 15, 1916.

On December 12, 1916, appellant filed a certified copy of the judgment in the office of the clerk of this court, accompanied by a written motion asking this court to grant it an appeal, as is required by rule 20 of the court.

Appellee objects to the motion for an appeal upon the ground that appellant has not complied with rule 20, by filing the record for the appeal, but has only filed a copy of the judgment.

While it is true the rule requires appellant to "file his record in the clerk's office of this court in the time and manner now provided by law," and "there must accompany the record a written motion of the appellant asking the court to grant an appeal," this does not mean that appellant must file the entire record. He may, as in other appeals, proceed upon such portions of the record

as he may think necessary for the purposes of the appeal, taking the risk of trying his appeal upon an incomplete record.

Good practice would require the appellant to ask this court, upon grounds shown, to extend his time for completing the record, as in other appeals; but if appellant is willing to proceed differently, he may do so, taking the chances which ordinarily attend appeals upon an incomplete record.

But for the purpose of complying with rule 20, the judgment will be treated as the "record," which is necessary as a basis for the motion for an appeal.

The motion for the appeal will be passed upon when the case is considered upon its merits. Oman-Bowling Green Stone Co. v. L. & N. R. R. Co., 169 Ky. 832.

Objections overruled.