## Davis, et al. v. Davis, et al.

(Decided January 22, 1918).

### Appeal from Pike Circuit Court.

1. Appeal and Error—Jurisdiction—Amount in Controversy.—
   Neither the circuit court nor the Court of Appeals can grant an
   appeal from a mere money judgment for less than $200 exclusive
   of interest and costs where neither the title to land, nor the
   right to an easement therein, nor the right to enforce a statutory
   lien thereon, is directly involved.
2. Appeal and Error—Jurisdiction—Amount in Controversy.—An
   appeal from a money judgment for as much as $200 but less than
   $500, exclusive of interest and costs, where neither the title to
   land, nor an easement therein, nor the right to enforce a statu-
   tory lien thereon is directly involved, can be granted only by the
   Court of Appeals.
3. Appeal and Error—Circuit Courts—Lack of Jurisdiction to Grant
   Appeal—Dismissal.—Where a circuit court is without jurisdiction
   to grant an appeal, the appeal will be dismissed.
4. Appeal and Error—Circuit Courts—Want of Jurisdiction to Grant
   Appeal — Dismissal — Cross-Appeal. — Where an appeal is dis-
   missed because the circuit court was without jurisdiction to
   grant it, its dismissal will carry with it the dismissal of the
   cross-appeal.

E. J. PICKLESIMER for appellants.

W. K. STEELE, J. C. CLINE and CLINE & STEELE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Dismissing appeal.

Mary Williams Davis and her husband, John B.
Davis, had five children, W. Y. Davis, Clell Davis, Jim
Davis, H. R. Davis and Hester Davis. In the year 1915,
Mary Davis was the owner of a tract of land in Pike
county which she on November 5th of that year conveyed
to her three children, Jim Davis, H. R. Davis and Hester
Davis, by separate deeds in which her husband did not
unite. After the death of Mary Davis, her two sons, W.
Y. Davis and Clell Davis, and her husband, John B.
Davis, brought this suit to cancel the deeds to Jim Davis,
H. R. Davis and Hester Davis, and for a sale of the land
and a division of the proceeds. The defendants, Jim
Davis, H. R. Davis and Hester Davis, denied the allega-
tions of the petition and asserted a counter-claim for
$900.00 each for money furnished to pay for the land and

for services rendered in taking care of their mother, pursuant to a contract between them and her. On final hearing the three deeds were canceled and defendants allowed on their counter-claims the following sums: Jim Davis $197.50, H. R. Davis, $296.26, and Hester Davis $420.00. From this judgment plaintiffs prosecute an appeal, which was granted by the court below, and defendants prosecute a cross-appeal.

Since plaintiffs obtained a cancellation of the deeds, the original appeal is not from a judgment in which the title to land, nor the right to an easement therein, nor the right to enforce a statutory lien thereon is directly involved. So far as plaintiffs are concerned, the appeal is from three separate money judgments in favor of three different parties, one of which is less than $200.00 and the other two are over $200.00 but less than $500.00, exclusive of interest and costs. Neither the circuit court nor this court has the power to grant an appeal from a money judgment for less than $200.00 exclusive of interest and cost, and an appeal from a money judgment for as much as $200.00 exclusive of interest and costs, but less than $500.00, can be granted only by this court. Kentucky Statutes, section 950; Childers et al. v. Ratcliff, et al., 164 Ky. 123, 175 S. W. 25; Gering v. Hoke, et al., 164 Ky. 722, 176 S. W. 210. Since the circuit court was without jurisdiction to grant the appeal, the appeal will be dismissed, and the dismissal of the appeal under the circumstances here presented, will carry with it the dismissal of the cross-appeal.

Appeal dismissed

Whole court sitting.