## Carter County Commercial Bank v. Eifort, et al.

(Decided February 8, 1918.)

## Appeal from Carter Circuit Court.

1.  Appeal and Error—Amount in Controversy—Jurisdiction.—Where the amount in controversy in a case is as much as $200.00 and less than $500.00 exclusive of interest and costs, the Court of Appeals has no jurisdiction of an appeal prayed in and granted by the lower court; and if an appeal is attempted to be obtained by the unsuccessful party by filing in the office of the clerk of the Court of Appeals a transcript of the record, he should file with the record a written motion asking this court to grant an appeal. If, however, the record is filed in the office of the clerk of the Court of Appeals for the purpose of prosecuting an appeal, and it is unaccompanied by a motion to grant an appeal, the clerk may act as if such filing of the record were accompanied by a motion for an appeal and may issue summons, take a supersedeas bond and issue an order of supersedeas, as in such case the filing of the record will be treated as including a motion that an appeal be granted by the Court of Appeals.

2.  Bills and Notes—Action by Bank Upon Notes—Pleading—Counter-Claim—Evidence.—Where in an action brought by a bank upon two, alleged, past due notes, one of the defendants by separate answer, counter-claim and set off pleaded payment of one of the notes and that the bank was indebted to him in an amount exceeding that of the other note; and the report of a commissioner, to whom the case was referred, showed that the respective demands of the litigants admittedly grew out of transactions between them of five years' continuance, and that evidence that the notes were unpaid and that the defendant was entitled to nothing upon his counter-claim and set off, was furnished by the books of the bank purporting to contain all original entries of such transactions, which were identified by the testimony of officers or employes of the bank making the entries and having personal knowledge of the transactions; and the only contrary evidence offered was furnished by the testimony of the single defendant filing the answer, counter-claim and set off, who admitted that he kept no record of the transactions and whose recollection of them was vague and confused: Held, that the report of the commissioner finding that the defendant was entitled to nothing on his counter-claim and set off, and that the two notes sued on were unpaid and owing and should be recovered by the bank against him and his co-obligor, was authorized by the evidence; and that the judgment of the trial court sustaining exceptions to the commissioner's report and declaring the defendants entitled to $313.50 of the items of the counter-claim and crediting the two notes due the bank with that amount, was unsupported by the evidence.

3.  Appeal and Error—Finding of Chancellor.—The rule applicable to the trial of a common law action by the court without the

intervention of a jury is, that its findings of fact will be entitled to no more weight that the verdict of a properly instructed jury. The rule applicable to the judgment of a chancellor rendered in an equitable action is, that while his judgment as to the facts is, on appeal, entitled to some weight, the Court of Appeals will judge for itself of the sufficiency or insufficiency of the evidence; and if it be found insufficient to support the judgment, the judgment will be reversed. In this case there were no equitable issues that authorized the transfer of the case to the equity docket. The issues were purely legal, but whether so regarded, or as issues of equitable cognizance, the judgment was unsupported by the evidence.

H. L. WOODS for appellant.

THEOBOLD & THEOBOLD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

On September 29, 1914, the appellant, Carter County Commercial Bank, brought suit in the Carter circuit court against the appellee, J. B. Eifort, and E. S. Hitchens upon a note of $500.00, dated October 18, 1910, due sixty days after date, subject to a credit of $100.00 paid December 10, 1913, and a further credit of $12.56, paid September 10, 1914. January 13, 1915, appellant also brought suit in the same court against the appellee, J. B. Eifort, and F. H. McClung upon a note of $200.00, dated April 4, 1910, and due thirty days thereafter. Shortly after the institution of the last action it was, on appellant's motion, dismissed as to McClung; following which the two actions, by consent of the parties, were consolidated, transferred to the equity docket and referred to the master commissioner to settle the accounts and matters in dispute between the appellant, bank, and the appellee, Eifort; the order providing that the cases were to appear on the equity docket styled, "Carter County Commercial Bank v. J. B. Eifort and E. S. Hitchens." The appellee, Eifort, filed in the consolidated actions a separate answer, counter-claim and set off in which he pleaded payment of the $200.00 note in full and set up various transactions with the appellant, bank, out of which, it was alleged, it sustained an indebtedness to him in an amount exceeding by $100.00 that of the $500.00 note, upon which the bank had sued in this case; and for this $100.00 he asked judgment on his counter-claim over against the bank. The report of the commissioner allowed no part

of Eifort's counter-claim, but found that he and Hitchens, were indebted to the appellant for the full amount of the $500.00 note, less the credits of $100.00 and $12.56, endorsed thereon; and that Eifort was also indebted to the appellant in the full amount of the $200.00 note. The appellee, Eifort, and Hitchens, filed exceptions to the report, and on the submission of the cases the exceptions were sustained by the court, and judgment rendered against the appellee, Eifort, alone for the amount of the $200.00 note, and against Eifort and Hitchens for the amount of the $500.00 note subject to a credit of $313.50, in addition to those endorsed on the note, the credit of $313.50 being the aggregate of certain items of Eifort's counter-claim allowed by the court. This appeal is prosecuted by the bank from that judgment. Hitchens died after the rendering of the judgment and the actions were revived as to his estate and his administrator made a party.

It will be seen from what has been said that the amount in controversy on this appeal is the $313.50, for which the judgment gave the appellee, Eifort, credit on the $500.00 note sued on by the bank; and as this sum is less than $500.00, the amount entitling the bank to an appeal as a matter of right, it should have prayed an appeal in this court. As this was not done, the appellees insist that the appeal should be dismissed and they have entered in this court a motion to that effect, which was passed for decision to the submission of the appeal on the merits. The transcript of the record appears to have been filed December 12, 1916, unaccompanied by a prayer for an appeal. The clerk, however, attempted to grant the appeal and issued summons thereon, against the appellees, which appears to have been duly served. Pursuant to the provisions of the act of March 17, 1914, now section 950, Kentucky Statutes, regulating the jurisdiction of this court and the manner in which appeals may be prosecuted where the amount in controversy is as much as $200.00 and less than $500.00, this court adopted a rule known as number 20 in its system of rules, which provides:

"If a party desires to prosecute an appeal from a judgment for the recovery of money or personal property, or to enforce a lien thereon, in cases where the value in controversy is as much as two hundred dollars, exclusive of interest and costs, but less than five hundred

dollars, he must prepare and file his record in the clerk's office of this court in the time and manner now provided by law, and may supersede the judgment by executing bond before the clerk of this court as in other cases when appeals are prayed in this court. . . . And there must accompany the record a written motion of the appellant asking the court to grant an appeal.''

In city of Covington v. Sullivan, &c., 172 Ky. 534, in passing on a similar situation to that here presented, we said:

''It is very clear that under this rule the city of Covington had the right to prosecute an appeal to this court, and the only objection that can be urged to the manner in which the appeal was prosecuted is that there was no written motion of the appellant accompanying the record asking the court to grant an appeal. When an appeal in a case like this is prosecuted to this court within the time allowed by law, the appellant should of course file with the record a written motion asking the court to grant an appeal. The statute and the rule are both very plain and very simple yet it seems from the many motions that come before us that a good many lawyers are not acquainted with the easily-understood practice pointed out in the statute and the rule, as well as in numerous decisions of this court: L. & N. R. R. Co. v. Greenbrier Dist. Co., 170 Ky. 775; Oman-Bowling Green Stone Co. v. L. & N. R. R. Co., 169 Ky. 832; Tinsley v. Jones, 169 Ky. 279; Van Meter v. Van Meter, 168 Ky. 783; Haynes v. Adsit, 167 Ky. 443; Gough v. Illinois Central Ry. Co., 166 Ky. 568; Goring v. Hoke, 164 Ky. 722; Childers v. Ratliff, 164 Ky. 123. But in order to further simplify, if it can be done, the practice regulating appeals in cases like this, we have determined to hold that when the record is duly filed in the clerk's office of this court, and no appeal was prayed in the court below, the filing of the record will be treated as including a motion that this court grant an appeal, although no motion asking for such an appeal is filed with the record. So that when a record is filed, as in this case, though unaccompanied by a motion to grant an appeal, the clerk will act as if a motion for an appeal accompanied the record and may issue summons, take a supersedeas bond, and issue an order of supersedeas thereon, as was done in this case. Therefore, the motion to dismiss the appeal is overruled.''

It follows from what has been said that the appellees' motion to dismiss the appeal must be and it is overruled.

Coming now to the merits of the case we find that the question to be determined by us is, whether the appellees should have been allowed the credit of $313.50, given Eifort on the $500.00 note by the circuit court. Without entering upon a discussion in detail of the evidence it is sufficient to say it shows that from 1909 to 1915 inclusive, the appellee, J. B. Eifort, did his banking business with the appellant. As he was the general manager and secretary of the Olive Hill Calcined Clay Company, the bank carried its account as well as his individual account and through these years Eifort executed numerous notes to the bank for the Calcined Clay Company as well as in his individual right. When any of these notes, either his own or those of the Calcined Clay Company, became due, he would either pay the note or renew it and pay what interest was due thereon. Some of the payments made by him were with his personal checks and some with the checks of the Calcined Clay Company. He also sold the bank some notes that he held and had their proceeds credited on notes of his own or his overdrawn account, and also notes of the Calcined Clay Company. The transactions ended with the sale of his interest in the Calcined Clay Company to F. H. McClung and his retirement as its manager and secretary. The record of all the transactions referred to was kept by the bank in the usual manner and this record was produced by the bank to the commissioner and filed by him with his report. The appellee, Eifort, neither kept nor produced any record or account of these transactions. His statements with reference to his dealings with the bank were based upon his recollection, which seems to have been indistinct and indefinite. When shown several of the notes that were produced by the bank as evidence of the transactions between them, appellee, while not denying their execution by him, would generally say, "I don't remember." On the other hand, every original entry made by the bank showing the various transactions was identified by the present cashier, by whom the greater part of them were made. The cashier made and filed with the commissioner a statement containing a list of all the notes made by the appellee, Eifort, to the bank, and also a statement of all amounts borrowed and paid by him to the bank, both as manager of the Calcined Clay

Company and as an individual. Not only were the several items of these statements identified and their correctness established by the present cashier of the bank, who had been the bookkeeper thereof for several years before she became cashier, but such of them as were made prior to her becoming cashier were likewise identified and their correctness established by the former cashier, who had been with the bank during some of the years covering the period of the appellee Eifort's dealings with it. As opposed to the testimony of these two witnesses we find only that of the appellee, Eifort, who, as stated, kept no record of his transactions with the bank and whose indistinct and confused recollection of those transactions, to say nothing of his utter ignorance of many of them, make it impossible for a theory to be formulated that would support his defense or furnish a basis for the allowance of any part of his counter-claim.

We are, therefore, constrained to concur in the conclusions of the commissioner that Eifort was not entitled to recover any part of his counter-claim, and that the appellant was entitled to recover of Eifort and Hitchens the amount of the $500.00 note and interest, subject to the credits admitted by the petition; and of the appellee, Eifort, alone, the whole of the $200.00 note. The rule applicable to the trial of a common law action by the court without the intervention of a jury is, that its findings of fact will be entitled to no more weight than the verdict of a properly instructed jury. The rule applicable to the judgment of a chancellor rendered in an equitable action is, that while his judgment as to the facts is, on appeal, entitled to some weight, the Court of Appeals will judge for itself of the sufficiency or insufficiency of the evidence, and if it be found insufficient to support the judgment, the judgment will be reversed. We find in these cases no issues that authorized their transfer to the equity docket. The issues are purely legal, but whether so regarded or as issues of equitable cognizance, we are constrained to declare the judgment unsupported by the evidence.

For the reasons indicated, the appeal sought by the bank is granted, the judgment reversed, and cause remanded with direction to enter such a judgment as will conform to the conclusions expressed in the opinion.