## Matney, et al. v. Edmonds, et al.

(Decided February 8, 1918.)

### Appeal from Pike Circuit Court.

1. **Appeal and Error—Not Permissible Against Co-appellee.**—An appeal is only allowable in behalf of an appellee against the appellant; it is not permissible against a co-appellee.

2. **Appeal and Error—Parties.**—Section 739 of the Civil Code of Practice provides the method of designating parties to an appeal; and, a party who is not named in the statement for an appeal is not before the court on the appeal.

3. **Appeal and Eror—Amount in Controversy.**—In cases involving as much as $200.00 and less than $500.00, an appeal granted by the circuit court is not authorized by section 950, subsection 3 of the Kentucky Statutes; but the party to whom the appeal was thus improperly granted may abandon his appeal and apply for an appeal by motion as provided by the statute; and the filing of the record without a motion for an appeal, or the granting of an appeal by the clerk, will be treated as a motion for an appeal as required by the statute.

4. **Appeal and Error—Finding of Chancellor.**—Where the testimony is contradictory and the mind is left in doubt, the findings of fact by the chancellor will not be disturbed.

C. B. WHEELER, J. W. WHEELER and STRATTON & STEPHENSON for appellant.

J. J. MOORE for Ironton Lumber Company.

J. S. CLINE, J. D. KASH and W. K. STEELE for appellees.

Opinion of the Court by Judge Miller—Affirming on original appeal, and dismissing cross-appeal.

Edmonds having sued Matney & Bevins, partners, for $278.89 claimed to be due for hauling saw logs, they answered denying any indebtedness to Edmonds and asserting a counter-claim for $106.15 overpaid to Edmonds. Edmonds caused an attachment to be levied upon two rafts of saw logs alleged to belong to Matney & Bevins, and the Ironton Lumber Company intervened, claiming it had bought the two rafts from Bevins and had paid for them, and branded them, before the attachment was levied. The rafts were sold by the court's commissioner for $218.33, net. In their reply to the intervening cross-petition of the Ironton Lumber Company, Matney & Bevins asserted by way of cross-petition against that company a claim for $3,447.50, arising out of other transactions.

The chancellor gave Edmonds a judgment against Matney & Bevins for $227.73; sustained the attachment, and divided the $218.33 proceeds of sale equally between Edmonds and the Ironton Lumber Company. Matney was granted an appeal against Edmonds by the clerk of this court; and, by inadvertence, an order was entered in this court granting Edmonds a cross-appeal against the Ironton Lumber Company.

1. A cross-appeal is only allowable in behalf of an appellee against an appellant; it is not permissible against a co-appellee. Civil Code, section 755; Smith v. Northern Bank, 1 Met. 575; Gaar v. Louisville Banking Company, 11 Bush 180; McKay v. Mayes, 17 Ky. L. R. 827, 32 S. W. 606; Marion Nat. Bank v. Phillips, 18 Ky. L. R. 159, 35 S. W. 910; Hessig v. Hessig, 130 Ky. 685.

2. Furthermore, the statement of appeal required by section 739 of the Civil Code reads thus: "Pike Circuit Court; J. H. Matney, etc., appellants v. M. M. Edmonds, etc., appellees," and makes no reference to the judgment appealed from. This statement brings only Edmonds before the court as an appellee; the Ironton Lumber Company is not an appellee. Civil Code, section 739; Brodie v. Parsons, 23 Ky. L. R. 831, 64 S. W. 476; Breckinridge County v. McDonald, 154 Ky. 724; Commonwealth v. Columbia Trust Co., 162 Ky. 832. The cross-appeal will have to be dismissed for either reason.

3. This leaves pending only the appeal of Matney against Edmonds; and as the amount in controversy, in-

cluding the demand of the counter-claim is more than $200.00 and is less than $500.00 the practice to obtain a review by this court should have been by a motion in this court for an appeal, and not by means of an appeal granted by the clerk. Ky. Stats., sec. 950, sub-sec. 3; Oman-Bowling Green Stone Co. v. L. & N. R. Co., 169 Ky. 832.

In City of Covington v. Sullivan, 172 Ky. 537, the rule of practice was amplified to the following extent:

"In order to further simplify, if it can be done, the practice regulating appeals in cases like this, we have determined to hold that when the record is only filed in the clerk's office of this court, and no appeal was prayed in the court below, the filing of the record will be treated as including a motion that this court grant an appeal, although no motion asking for such an appeal is filed with the record."

The reason for the extended rule clearly is, that wherever it appears that the appellant is not proceeding under an appeal granted below, he may obtain a review in this court, in minor cases, by filing his record here, without formally making a motion for an appeal, which will be implied from his act of proceeding independently in this court.

In the case at bar Matney & Bevins were granted an appeal in the circuit court but afterwards abandoned it, and filed the record in this court and obtained an appeal from the clerk, after the time for prosecuting the appeal granted below had expired. It thus appears that they are not now proceeding under the appeal granted below, but are proceeding under the appeal granted by the clerk of this court and independently of the appeal granted below. This would seem to bring this case within the reason of the rule announced in the Sullivan case, *supra,* and that the rule therein announced should be extended so as to cover this case, which would require us to hold that when an unauthorized appeal has been granted by the circuit court a party may abandon his appeal thus improperly granted and apply for an appeal by motion as required by the statute, and that the filing of the record without a motion for an appeal, or the granting of an appeal by the clerk of this court, will be treated as a motion for an appeal as required by the statute. We think this a reasonable application of the statute, and so hold.

.4. The application of Matney & Bevins for an appeal is, therefore, properly before us; and while the evidence upon the issues between them and Edmonds is conflicting in some respects, the weight of it sustains the finding of the chancellor. In such cases the finding of the chancellor will not be disturbed. Byassee v. Evans, 143 Ky. 415; Kirkpatrick's Ex'r v. Rehkopp, 144 Ky. 134; Wathen v. Wathen, 149 Ky. 505; Bond v. Bond, 150 Ky. 392.

The motion of Matney & Bevins for an appeal is overruled and the judgment against them is affirmed; the cross-appeal of Edmonds against the Ironton Lumber Company is dismissed.