## Searcy v. Golden.

(Decided April 26, 1918.)

## Appeal from Carroll Circuit Court.

1. Appeal and Error—Application for Appeal—Requisites.—Under Kentucky Statutes, section 950, subsection 3, where the amount in controversy is more than $200.00 and less than $500.00, the practice to obtain a review is by a motion for an appeal and not by an appeal granted by the clerk; but where an appeal improperly granted below has been dismissed, the subsequent filing in time of the record without a motion for an appeal, or the granting of an appeal by the clerk of this court, will be treated as a motion for an appeal as required by the statute.

2. Appeal and Error—Separate Actions for Damages—Joint Trial—Reversal of One Judgment—Effect on the Other.—Where on a joint trial of two separate actions against the same defendant for damages growing out of the same negligent act, judgments were rendered in favor of the defendant, and on appeal by one of the plaintiffs, the judgment against him was reversed, the subsequent application of the other plaintiff for an appeal will be granted and the judgment against him reversed for the same reason.

J. A. DONALDSON & SONS for appellant.

WINSLOW & HOWE, F. C. GREENE and TURNER & TURNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

A mare owned by T. C. Searcy and valued at $250.00, and ridden by Hubert Allen Searcy, was struck by an automobile belonging to F. M. Golden, and both Hubert Allen Searcy and the mare were injured. The injuries of the mare were such that she had to be killed. Hubert Allen Searcy sued Golden for $1,000.00 for personal injuries, while T. C. Searcy sued Golden for the value of

the mare. The two cases were tried together and judgment rendered in favor of Golden. Each plaintiff was granted an appeal by the circuit court. The judgment in favor of Hubert Allen Searcy was reversed, while the appeal of T. C. Searcy was dismissed without prejudice because the amount in controversy was only $250.00 and the circuit court was without authority to grant the appeal. Hubert Allen Searcy v. Golden, and T. C. Searcy v. Golden, 172 Ky. 42, 188 S. W. 1098.

After the dismissal of the appeal granted below and within two years from the time the judgment was rendered, T. C. Searcy again filed the record in this court, and an appeal was granted by the clerk. In the statement filed on this occasion there was a motion for an appeal. Not only so, but counsel for Searcy has filed an affidavit to the effect that he filed a separate motion for an appeal. The latter motion, however, does not appear in the record.

Counsel for Golden insists that Searcy has not taken the proper steps to obtain an appeal. Where the amount in controversy is more than $200.00 and less than $500.00, the practice to obtain a review by this court is by motion for an appeal and not by an appeal granted by the clerk. Kentucky Statutes, section 950, subsection 3; Matney, et al. v. Edmonds, et al., 179 Ky. 243, 200 S. W. 365. We have held, however, that where an unauthorized appeal has been granted by the circuit court, a party may abandon his appeal thus improperly granted and apply for an appeal by motion as required by the statute, and that the filing of a record without a motion for an appeal, or the granting of an appeal by the clerk of this court, will be treated as a motion for an appeal as required by the statute. Matney, et al. v. Edmonds, et al., *supra.* Here the original appeal in this case improperly granted below was not abandoned, but the appeal was dismissed and the effect is the same. Hence the subsequent filing of the record without a motion for an appeal, or the granting of an appeal by the clerk of this court, will be treated as a motion for an appeal as required by the statute. The application for an appeal is therefore properly before us. This conclusion makes it unnecessary to decide whether the motion for the appeal contained in the statement was sufficient, or whether the filing of a motion for an appeal not appearing in the record may be shown by affidavit.

Since the two cases of Hubert Allen Searcy v. Golden, and T. C. Searcy v. Golden, were based on the same act of negligence and were tried together, and the same errors committed against each plaintiff, it follows that the appeal prayed by T. C. Searcy should be granted and the judgment reversed for the reasons given in the case of Hubert Allen Searcy v. Golden, *supra*.

Wherefore the appeal is granted and the judgment is reversed for a new trial in conformity with the opinion of this court in the case of Hubert Allen Searcy v. Golden, *supra*.