## Sallee v. Sallee's Admr.

(Decided May 28, 1920.)

### Appeal from Jefferson Circuit Court.

Appeal and Error—Amount in Controversy.—In an action involving only the recovery of money or personal property where the value in controversy is less than $500.00, exclusive of interest and cost, this court will have no jurisdiction of an appeal prayed in the lower court no matter how many other questions of law or fact may be involved, and such an appeal prayed in the lower court will be dismissed in this court.

A. N. BARKER for appellant.

E. B. HOOVER and J. H. WELCH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Dismissing appeal.

J. T. Sallee brought a suit to settle the estate of his brother, W. A. J. Sallee, averring that he and the defendant, J. P. K. Sallee, were the only heirs and distributees of the decedent, who died intestate, leaving an estate consisting only of personal property worth about $1,200.00; that the decedent was indebted to him in the sum of $19.50, payment of which had been demanded of R. Z. Moss, administrator, but refused. He prayed that the case be referred to the commissioner to report claims against the estate and settle the accounts of the administrator, Moss. An order of reference was made by the clerk of the court at the time the petition was filed.

Moss, the administrator, filed an answer in which he exhibited his accounts as administrator, showing receipts and expenditures; that the only claim contested was one asserted by J. P. K. Sallee for $490.00; that this claim was by the consent of J. T. Sallee, J. P. K. Sallee and the administrator submitted to arbitrators

for settlement, who, together with an umpire, awarded
J. T. Sallee the full amount of his claim.

There was also an answer filed by J. T. Sallee set-
ting up the agreement to arbitrate and the finding of the
arbitrators.

For reply, J. P. K. Sallee admitted that he had
agreed to arbitrate the claim and was present when the
arbitration was made, and that it was reduced to writ-
ing, but he challenged its validity on the ground that the
umpire sat with the arbitrators and took part in the pro-
ceedings when he should not have done so, under the
articles of submission, unless the arbitrators failed to
agree. He also contended that the arbitrators had heard
incompetent evidence and that no copy of their award
had been delivered to him. He also denied the justness
of the claim of J. T. Sallee, and asked that the award be
declared void and of no effect, and that the case be re-
ferred by the court to the commissioner to settle the ac-
counts. The allegations in this pleading, in respect to
the manner in which the claim of J. P. K. Sallee was
arbitrated, were denied.

It further appears from the record that the admin-
istrator has made a full settlement of his accounts,
showing how much he had received and paid out and
that the claim of J. T. Sallee for $19.50 had been paid.

It is made very plain, from a careful inspection of
the record, that the only matter in controversy in this
case is the claim of J. P. K. Sallee for $490.00, and,
aside from the fact that there appears to be little, if
any, merit in the attack made on the manner in which
this claim was arbitrated and the award made, this
court has no jurisdiction of the appeal prayed in the
lower court although exceptions were saved to many
rulings of the court and an appeal prayed.

It is provided in part in section 950, of the Kentucky
Statutes, that "no appeal shall be taken to the Court of
Appeals as a matter of right from a judgment for the
recovery of money or personal property, or any interest
therein, or to enforce any lien thereon, if the value in
controversy be less than $500.00, exclusive of interest
and costs."

Under this statute, the test of the jurisdiction of this
court on an appeal prayed in the lower court, as this
one was, is the value of the money or personal property
in controversy; and if this value, exclusive of interest

and costs, is less than $500.00, an appeal cannot be prayed as a matter of right in the lower court, no matter how many other questions of law or fact may be involved in the record.

On the authority of Childers v. Ratliff, 164 Ky. 123; Oman Bowling Green Stone Co. v. L. & N. Ry. Co., 169 Ky. 832, the appeal must be dismissed.