## Gilmore and Helm, et al. v. Brown.

(Decided June 11, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Appeal and Error.—Where amount in controversy is less than $500.00, circuit court cannot grant appeal, and supersedeas bond executed in such case is void.

2. Appeal and Error—Appellant May Abandon Appeal Improperly Granted by Circuit Court and Apply to Court of Appeals for Appeal by Motion, and Filing of Record Without Motion for or Grant of Appeal by Clerk of Court of Appeals will be Treated as Motion for Appeal.—Appellant may abandon appeal improperly granted by circuit court and apply to Court of Appeals for appeal by motion as required by statute, and filing of record without motion for appeal or grant of an appeal by clerk of Court of Appeals will be treated as motion for appeal as required by statute.

3. Appeal and Error.—If appellant had filed record with clerk of Court of Appeals and taken process from said court against appellee, it would have been an abandonment of appeal improperly granted by circuit court.

4. Appeal and Error.—Parties desiring to appeal from judgments less than $500.00 should file record with clerk of Court of Appeals, take process from said court, and, if they desire to supersede judgment, bond should be made in said court and supersedeas issued by clerk thereof.

JOHN IRICK and JOSEPH S. LAWTON for appellants.

BECKHAM OVERSTREET, G. F. WYCOFF and CLARENCE BEATTY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Dismissing.

The appellee recovered a judgment against the appellants for $225.00.    An appeal to this court was granted by the court below.    The appellants superseded the judgment there, and have prosecuted that appeal. Where the amount in controversy is less than $500.00

the trial court is without jurisdiction to grant an appeal, and a supersedeas bond executed in such cases is void. See Childers v. Ratliff, 164 Ky. 123, 175 S. W. 25; Davis, et al. v. Davis, et al., 178 Ky. 779, 199 S. W. 1075; Frazier v. Ison, 194 Ky. 550, 240 S. W. 39.

It has been held, however, that when a record is duly filed in the office of the Court of Appeals, and no appeal was prayed in the court below, the filing of the record will be treated as including a motion that the court grant an appeal, although no motion asking for such an appeal is filed with the record. See City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709; Carter Co. Com. Bank v. Eifort, 179 Ky. 232, 200 S. W. 342. Where an unauthorized appeal has been granted by the circuit court, a party may abandon his appeal thus improperly granted and apply to the Court of Appeals for an appeal, by motion. as required by the statute; and the filing of the record without a motion for an appeal, or the grant of an appeal by the clerk of the Court of Appeals, will be treated as a motion for an appeal as required by the statute. See Matney v. Edwards, 179 Ky. 243, 200 S. W. 366; Searcy v. Golden, 180 Ky. 324, 202 S. W. 486.

If the appellant here had filed this record with the clerk of the Court of Appeals and had taken process from this court against the appellee, this would have been treated as an abandonment of the appeal attempted to be granted below, but no such step was taken in this case. The steps taken in this case are identical with the steps taken in the case of Julian v. United Clothing Store, 180 Ky. 653, 203 S. W. 549. Much that is said above is taken from section 16 of Miller's Appellate Practice, where a more elaborate discussion will be found. Parties desiring to appeal from judgments less than $500.00 should file the record with the clerk of the Court of Appeals, should take process from this court, and if they desire to supersede the judgment the bond should be made here and the supersedeas issued by the clerk of this court. Motion for an appeal should also be made here, though, as we have seen, this is not absolutely necessary if the other steps be taken as indicated.

See also rule X of this court.

Thus we see that this court has no jurisdiction of this appeal, and it is dismissed.