## Rinehart et al. v. McElroy.
## Purdy's Adm'r et al. v. Rinehart et al.

(Decided June 1, 1932.)

BASIL P. COOPER for J. W. Rinehart et al.
P. K. McELROY for Florence Purdy's Adm'r et al.
J. WALTER HARDESTY for P. K. McElroy.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing appeal.

These two appeals are prosecuted on the same record and on appeals granted by the lower court. Counsel have stipulated that the amount involved in both of the appeals is in excess of $500, but in this counsel are in error. In the appeal of Rinehart et al. v. McElroy, the appeal is from a judgment allowing the appellee McElroy the sum of $250 for legal services rendered the estate of R. L. Purdy, deceased, and granting him a superior lien on a $500 note, a claimed asset of the estate. The amount involved on this appeal is obviously only $250 and costs.

In the appeal of Purdy's Adm'r v. J. W. Rinehart, the appeal is from a judgment dismissing the intervening petition of Florence Purdy's administrator and Mrs. R. A. Cole, which asked contribution from J. W. Rinehart on the theory that Mrs. Florence Purdy and Mrs. Cole had had their devises under the will of R. L. Purdy taken from them to pay the debts of the R. L. Purdy estate, and that Rinehart, as a legatee, should contribute his share towards the payment of those debts. There is no contention but that if Rinehart must contribute at all, his portion is 500/3225 or 15½ per cent. plus. Excluding the judgment and costs in that part of this suit which resulted in the judgment aforesaid for Mr. McElroy, the commissioner found that the debts which Mrs. Purdy and Mrs. Cole paid for the Purdy estate came to $2,641. If Rinehart has to contribute at all to this amount, his part is the sum of $409.35. If these ladies pay their part of the McElroy judgment and costs, the utmost they can collect from Rinehart is $409.35, but if Rinehart has to pay the McElroy judgment and costs out of the $500 note which he claims, the $409.35, which these ladies are entitled to from Rinehart because of the debts of the Purdy estate which they have paid, will have to be diminished by 84½ minus per

cent. of what Rinehart thus pays on the McElroy judgment. Thus it is obvious that as in no event can the ladies recover more from Rinehart than $409.35, together with costs herein expended, there is not enough to give this court jurisdiction on an appeal granted by the lower court. Both appeals must be and they are hereby dismissed. Childers v. Ratliff, 164 Ky. 123, 175 S. W. 25.