# Kramer et al. v. Kramer et al.

Oct. 24, 1939.

W. G. Hargis for appellants.

Bert J. King and Helm Woodward for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Dismissing appeal without prejudice.

In Kramer v. Kramer, 276 Ky. 504, 124 S. W. (2d) 744, 745, we dismissed appeals from an order overruling exceptions to a commissioner's report concerning the liability of a former guardian upon the grounds that they were not from a final judgment and the circuit

court was without authority to grant the appeals because of the amounts involved. Upon a return of the case, the present guardian filed some other pleadings and took the deposition of another witness. The court rendered a judgment upon the previous order overruling the exceptions to the commissioner's report.

There has been filed in this court, pursuant to notice, a motion for an appeal, which is styled, "William Kramer, et al., appellants, v. Robert Kramer, et al., appellees." Also a statement of appeal under the same style in an attempt to conform to the provisions of Section 739, Civil Code of Practice. Counsel for "appellants" have briefed the case as if the present guardian and the three wards were parties. Nothing has been filed by Robert Kramer. There is a brief for the American Surety Company as an appellee. We find it necessary to dismiss the appeal upon the following grounds:

(1) The motion for an appeal does not conform to Rule IV, subdivision 6 of the Rules of the Court of Appeals.

(2) The statement of appeal prescribed by Section 739, Civil Code of Practice, and Rule III, subdivision 4 of rules of the court, is not sufficient, in these respects: (a) It does not show the names of any parties unless it should be construed that the caption is sufficient to show that William Kramer is the appellant and Robert Kramer the appellee. The abbreviation "et al." is of no effect. The body contains no names or references. See Commonwealth v. Columbia Trust Co., 162 Ky. 825, 173 S. W. 386; Tandy v. Wolfe, 270 Ky. 556, 110 S. W. (2d) 277; Land v. Salem Bank, 279 Ky. 449, 130 S. W. (2d) 818; (b) it does not state the page of the record on which the judgment may be found; (c) it does not disclose whether summons or other process should be issued.

(3) Robert Kramer, mentioned in the caption of the motion and of the statement of appeal as appellee, is not before the court either by service of process or voluntary appearance. See Section 736, Civil Code of Practice; Gilmore & Helm v. Brown, 215 Ky. 100, 284 S. W. 1017. The Surety Company, which has filed a brief, is not a party to the appeal.

(4) A large part of the record is the original one used in the circuit court and has been brought here without authority. See Sections 737, 743 (2) Civil Code of

Practice; Smith v. State Highway Commission, 245 Ky. 739, 54 S. W. (2d) 48; and Rule III, subdivisions 2 and 12.

(5) There is only a partial index of the record. It seems to refer only to a part of the evidence heard and transmitted to this court. See Rule III, subdivisions 7, 8, 9, and 10.

Appellants' briefs do not comply with Rule V, subdivision 2, in that they contain no concise statement of points and authorities, and, what is more deficient, they discuss the many items of charges and credits in the guardian's account without any reference to the pages of the record wherein such may be found. To consider the case as thus presented would oblige this court to try it de novo and to consider each item, whether there is any controversy about it or not, instead of to review errors claimed to have been made in the trial court. We have often ruled that where briefs in an accounting matter, such as this, fail to point out the particular items as to which it is claimed the court erred, this court will not search the record for those errors but will affirm the judgment. Garvey v. Garvey, 156 Ky. 664, 161 S. W. 526; Paintsville Hay & Feed Store v. Vanhoose-Maggard Company, 216 Ky. 414, 287 S. W. 916; McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682; Clay County v. First National Bank of Manchester, 235 Ky. 558, 31 S. W. (2d) 927.

The appeal is dismissed without prejudice.