## Interstate Coal Company v. Sproul.

(Decided October 13, 1914.)

### Appeal from Knox Circuit Court.

Patents—When Void for Uncertainty.—When the lines of a patent were not in fact run in the survey upon which it was based, and it cannot be determined from the calls of the patent

with any certainty what land it includes, the patent will be held void for uncertainty.

BLACK, BLACK & OWENS for appellant.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

J. C. Sproul brought this suit against the Interstate Coal Company to recover twenty-five acres of land, which, as he alleged, was covered by a patent from the Commonwealth to G. W. Sproul of date October 28, 1891, and had been conveyed to him by the patentee. In the circuit court he recovered judgment; the coal company appeals.

The calls of his patent are as follows:

"Beginning at a white oak on top of the ridge and by the side of the road leading from Andy Ballou to A. D. Foxe's and on Tarlton Lunford's line, it.being a corner of a 100-acre survey made in the name of A. Legere; thence with Legere's line N. 2 E. 160 poles to a stake, corner of same; thence same course continued 25 poles to chestnut, Berry Lathram corner; thence with said line N. 15 E. 148 poles to a stake corner of same; thence S. 88 W. 150 poles to a Spanish oak, corner to same, thence E. 25 poles to a Spanish oak, Lunsford's corner; thence with Lunsford's line to the beginning."

It will be observed that this patent calls for the corners and lines of a 100-acre survey made in the name of A. Legere, and also a 100-acre survey made to Lathram. The Lathram survey was made October 24, 1848; its calls are as follows:

"Being in the County of Knox, on the dividing ridge between Poplar and Brush Creek to include Benjamin Lathram's house and improvements and bounded as follows to-wit: Beginning at a Spanish oak standing on the north side of a hill; thence S. 10 E. 80 poles to two chestnut oaks; thence S. 60 E. 120 poles to a chestnut; thence N. 15 E. 148 poles to a stake, thence S. 150 poles to the beginning."

This survey is represented on the following map by the lines 1, 2, 3, 4, the beginning corner at 1 being undisputed; the dispute between the parties being as to the corners at 3 and 4, the plaintiff locating them at 3 and 4, the defendant at 12 and 10.

The calls of the Legere patent dated June 1, 1859, the survey having been made June 8, 1858, are as follows:

"Beginning at two chestnut oaks and chestnut corner of a survey made in the name of Benjamin Lathrum; thence N. 15 E. 25 poles to a poplar; thence S. 85 W. 45 poles to a chestnut; thence S. 49 W. 44 poles to a sugar tree and white oak; thence S. 29 W. 40 poles to a sugar tree; thence 55 poles to a hickory on the top of a ridge; thence S. 63 W. 30 poles to a white oak; thence S. 58 E. 280 poles to a white oak; thence N. 2 E. 160 poles to a stake; thence S. 15 W. 25 poles to a chestnut, said Lathrum's corner; thence N. 60 W. 120 poles to two chestnut oaks; thence N. 10 W. 80 poles to the beginning."

This survey is substantially indicated on the map by the lines 1, 5, 6, 7, 8, 9, 3, 2, 1, as located by the plaintiff; the defendant insists that the line 9-3 is not properly located, and should be run along the line 13-12. On July 7, 1858, T. Lunsford made a survey of 100 acres. He and Legere then lived neighbors, and this survey lay to the

east of Legere's 100-acre survey made June 8, 1858. In 1871, Lunsford and Ballou, to whom Legere had sold his land, had the line between them processioned, and in that proceeding, they by agreement established as the line betwen them, the public road, which is indicatd on the plot by the dotted crooked line running from 9 to 3. The land in controversy in this action lies between the line 9-3 and the county road, and is marked on the plot "contest."

The first question made in the case is that the patent under which Sproul claims is void for uncertainty. He testified on the trial that he was the surveyor who made the survey; that he began the survey at a white oak standing at 9 on the plot; that he ran a few poles on the line 9-3, but did no other surveying; that is, he only went through the form of starting a survey at 9 by stretching the chain a few times along the line 9-3.

His testimony on the subject is as follows:

"Q. Tell the jury and court about what proportion or what part of that 160 poles line you did actually run on the ground at the time you made the original survey of the twenty-five acres in the name of George Sproul?

"A. Just a few poles, I can not say how many now; but maybe six, or might have been four, just enough to make a lawful survey. It might have been ten."

If we start at 9 and run the first call of the patent to Sproul, it takes us to the point X; disregarding the course, the second call then brings us back to 3, claimed as Lathram's corner; the third call takes us from 3 to 2 with Lathram's line; the fourth call takes us from 2 to 1, Lathram's beginning corner which is well established. The remaining calls of the Sproul patent are in these words:

"Thence E. 25 poles to a Spanish oak, Lunsford's corner; thence with Lunsford's line to the beginning."

If we run 25 poles from 1 we reach the point Y on the plot, and we do not strike any corner of Lunsford. No Spanish oak, corner to Lunsford, is shown to which this line may be run, if the course and distance given in the patent are disregarded. If we continue the line on the course given in the patent, until we strike Lunsford, it takes us to the figure 10, but we do not strike there any Spanish oak corner. Lunsford has no line running from either Y or 10 to the beginning. Sproul undertakes to locate his patent by running from 1 to 10, from 10 to 11,

from 11 to 14, thence with the county road to the beginning. But aside from the very singular shape of the tract of land which this would give, there seems to be no reason why he should run to 10, or stop at 11. Lunsford, it appears from the proof, had two surveys, and he also had the agreed line which he had made with Ballou in the processioning proceeding. Which of these lines we are to run with is left to conjecture. If we close the survey from Y, by going straight to the beginning, we run across both the patent of Lathram and Legere, and evidently this was not intended. If we do not do this, we are left entirely to conjecture how the patent is to be closed, and in view of the fact that no survey was made of these lines, and there was in fact no location of them, there is nothing to aid the patent or to indicate how it is to be closed.

The calls of the Lunsford 100-acre survey of date July 7, 1858, the patent issuing June 1, 1859, are as follows:

"Beginning at the table rock corner of the said Lunsford; thence S. 50 W. 50 poles to a chestnut; thence S. 2 W. 225 poles to a hickory and locust near the top of a ridge at the head of Big Poplar Creek; thence S. 63 E. 80 poles to three poplars near said branch; thence W. 65 E. 50 poles to a stake corner of said Lunsford; thence with said Lunsford's line to the beginning."

According to the location of this patent by the plaintiff, it does not adjoin the Legere patent or touch it at all, and a considerable body of land lies between the two. According to the location of it by the defendant, however, it conflicted with the Legere patent, and for this reason the county road was by agreement made the dividing line between them, Legere's corner being then established at 9. How the Sproul patent is to be closed, after we leave the point 1 on the plot, is too uncertain for judicial ascertainment, the lines not in fact having been surveyed or located in any way, and there being nothing from which it can be determined with certainty on the face of the patent what corner or line or lines of Lunsford are to be followed. The corner, to which the call "thence E. 25 poles to a Spanish oak," is to be run, is wholly a matter to be guessed; and if we pass this, there is as much reason for locating the Sproul patent according to the lines of the Lunsford survey, as there is upon any other line.

We, therefore, conclude that the patent is void for uncertainty, and that the circuit court should have sustained the defendant's motion for a peremptory instruction to the jury to find for it.

The great weight of the evidence shows that there was in fact no vacant land between the Lunsford patent and the Legere patent. These surveys were made within about a month of each other, and there seems to be no adequate reason for the establishment of the county road as the agreed line in the proceeding to procession the lines except that in that proceeding a conflict between the two patents had been discovered.

Judgment reversed and cause remanded for further proceedings consistent herewith.