## Haynes v. Adsit. .

(Decided December 17, 1915.)

### Appeal from Simpson Circuit Court.

1. Appeal and Error—Judgment Affecting Right to Easement in Land.—Under section 950 of the Kentucky Statutes, an appeal to the Court of Appeals from a judgment affecting the right to an easement in land can only be maintained when the right to the easement is directly involved or affected by the judgment

2. Appeal and Error—Judgment Affecting Easement in Land.—A judgment for one dollar for the use of a stairway claimed by the appellant as an easement in appellee's land, does not directly involve or affect a right to an easement in land, and no appeal to the Court of Appeals can be prosecuted therefrom.

3. Appeal and Error—Amount in Controversy.—Under no circumstances can an appeal to this court be taken or granted from a money judgment, where the amount in controversy is less than $200.00, exclusive of interest and costs.

G. W. ROARK and WHITESIDES & HOBDY for appellant.

GEORGE C. HARRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Overruling motion for an appeal.

This record presents a question of appellate practice.

Mrs. Adsit owns a two-story brick store building, situated upon the southwest corner of Cedar and College streets, in Franklin, and fronting on Cedar street. Appellant, Haynes, owns a two-story brick store building adjoining Mrs. Adsit's building, on the west, the wall between the two buildings being a party wall, and the division line of the two lots running through the center of the party wall.

W. S. McClanahan bought the Adsit property in . . 1890; and W. S. and J. E. McClanahan bought the Haynes property in 1893. W. S. McClanahan constructed an inside stairway next to the western wall of his corner house, and leading from the sidewalk to the second floor.

Some time in 1893, the McClanahans cut a door through the wall leading from the second story of the Adsit house to the second story of the Haynes house. Mrs. Adsit bought the corner house from W. S. McClanahan in 1907; and, J. E. McClanahan having acquired the entire ownership of the Haynes property, sold it to Haynes in 1909. Haynes continued to use the

stairway in the Adsit property as an entrance to his second story, without payment of rent, and Mrs. Adsit sued him in the quarterly court for rent in the sum of one dollar, evidently for the purpose of establishing her exclusive right to the use of the stairway. The case was transferred to the circuit court; and, upon a trial before a jury, Mrs. Adsit recovered a judgment against Haynes for one dollar.

The judgment being for a sum less than $500.00, Haynes has filed the record in this court, and moved that he be granted an appeal, upon the theory, as we gather from his brief, that the right to an easement is directly involved or affected by the judgment.

Appeals to this court are controlled by section 950 of the Kentucky Statutes, which in so far as it is pertinent to this case, reads as follows:

"An appeal may be taken to the Court of Appeals as a matter of right from the judgment of the circuit court in any case in which the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon, is directly involved, but no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or to enforce any lien thereof, if the value in controversy be less than $500.00, exclusive of interest and costs; provided, however, that the Court of Appeals may grant an appeal when it is satisfied from an examination of the record that the ends of justice require the judgment appealed from should be reversed; or, when the construction or validity of a statute or the construction of a section of the Constitution is necessarily and directly put in issue, and a correct decision of the case cannot be had without passing on the validity of the statute or construing the section of the Constitution or statute involved, if the value of the amount or thing in controversy, exclusive of interest and costs, is as much as two hundred dollars."

It will be observed, however, that the statute, *supra,* does not provide for an appeal from a judgment which only indirectly involves the right to an easement in land. The right to the easement must be directly involved; otherwise, a defeated party would be entitled to an appeal whenever a search through the record developed a claim to an easement. It is the character of the judgment that controls the right of appeal.

In the case at bar, it is true the question litigated grew out of appellant's claim to an easement in appellee's property; but the prayer was for a money judgment and the appellee obtained a money judgment.

Clearly, therefore, the judgment complained of does not directly involve the right to an easement in land, and no appeal lies from the judgment upon that ground.

Neither can the appeal be maintained under the proviso clause of the statute, above quoted, which authorizes this court to grant an appeal when it is satisfied from an examination of the record that the ends of justice require that the judgment appealed from should be reversed, because that provision is qualified by the subsequent clause of the same section, which permits such an appeal only in case the value of the amount or thing in controversy, exclusive of interest and costs, is as much as $200.00.

This conclusion is fortified by the language of subsection 3 of section 950, *supra,* which provides, in substance, that where the amount in controversy is as much as $200.00, exclusive of interest and costs, and less than $500.00, this court may grant an appeal; but that can only be done pursuant to sub-section 1, above quoted, when this court is satisfied from an examination of the record that the ends of justice require that the judgment appealed from should be reversed. Under no circumstances can an appeal to this court be taken or granted from a money judgment where the amount in controversy is less than $200.00, exclusive of interest and costs.

It is clear, therefore, that Haynes is not entitled to an appeal from the judgment against him, under any of the provisions of the statute.

Motion for an appeal overruled.