## Lexington & Eastern Railway Company v. Grigsby.

(Decided September 26, 1917.)

### Appeal from Perry Circuit Court.

Appeal and Error—Jurisdiction—Passway.—No appeal lies, as a matter of right, from a judgment for $250.00 damages to a passway where the defendant merely denied the title of the plaintiff to the passway in question, and did not claim title in himself.

JAMES J. DONOHUE, SAMUEL M. WILSON, WOOTEN & MORGAN, BENJAMIN D. WARFIELD and C. H. MOORMAN for appellant.

W. C. EVERSOLE and EVERSOLE & FIELDS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing Appeal.

The appellee, Samuel Grigsby, owned a tract of land containing forty acres lying on Second creek, a tributary of the North Fork of the Kentucky river, in Perry county. He also owned a large tract of 150 acres which adjoined the smaller tract, on the rear.

In 1908, Grigsby sold to Eversole the fifty-acre tract, "except a right of way through to the river and dropping ground." A "dropping ground" is a place on the bank of a stream to store saw-logs, railroad ties, staves, and the products of the forest, while waiting for a rise of the stream that will enable the owner to float his timbered products down the river to a market.

In 1910, the appellant bought from Eversole, for right of way purposes, a strip of ground eighty feet wide and

extending entirely across the fifty-acre tract over which Grigsby had retained a passway. Claiming that the railroad company had obstructed his passway and destroyed his dropping ground, Grigsby filed this action, in 1912, for $1,000.00 damages; and, having obtained a judgment for $250.00 in damages, the railroad company prayed and was granted an appeal in the circuit court.

The jurisdiction of the circuit court to grant the appeal must be first considered.

Under section 950 of the Kentucky Statutes governing appeals to this court, an appeal may be taken, as a matter of right, only from judgments in which the title to land, or the right to an easement therein, or the right to enforce a lien thereon, is directly involved, and from judgments for money or personal property where the value in controversy is $500.00, or more. In other cases, if the amount or value of the thing in controversy is as much as $200.00, an appeal can only be granted by the Court of Appeals; an attempt of the circuit court to grant an appeal in this class of cases is a nullity. Childers v. Ratliff, 164 Ky. 123. So, the validity of the order of the circuit court granting the appeal in this case must depend upon the fact that the right to an easement in land is directly involved in the judgment; otherwise an appeal can only be granted by this court. Oman-Bowling Green Stone Co. v. L. & N. R. R. Co., 169 Ky. 832.

The petition seeks damages only, and the judgment is for damages only. The answer traverses the allegations that defendant had appropriated or obstructed plaintiff's passway and dropping ground; pleads estoppel against the plaintiff; and further affirmatively* alleges that plaintiff's right of way has, at most, been only slightly changed in its location, and is ample for all reasonable purposes.

While it is true the answer questions the validity of the reservation in the deed on account of its uncertainty, this is no more than a denial of Grigsby's title and brings the case within the rule announced in the decisions of this court.

The pleadings nowhere asked the court to adjudge the rights of the parties to the passway, and the judgment made no attempt to do so. It is the character of the judgment that controls the right of appeal. Haynes v. Adsit, 167 Ky. 444.

See, also, Ponder v. Lard, 102 Ky. 605; Adkins v. Williams, 25 Ky. L. R. 1764, 78 S. W. 870; Illinois Central R. R. Co. v. Major, 121 S. W. 646; Cook v. Rockhouse Realty Co., 159 Ky. 710; Burk Hollow Coal Co. v. Lawson, 160 Ky. 210.

In Illinois Central R. R. Co. v. Major, *supra*, the plaintiff recovered a judgment for $150.00 as damages to his passway, and the defendant appealed. In dismissing the appeal, we said:

"Appellee has moved to dismiss this appeal on the ground that this court is without jurisdiction. In her petition she alleged ownership of and title to the passway in question. Appellant merely denied the title of appellee, and that it damaged the passway. It did not plead that it owned or had title to the passway in question. The jury simply found that appellee had been damaged in the sum of $150.00. Upon the verdict thus returned judgment was entered directing that appellee recover that amount of appellant. As the amount of the judgment is not of itself sufficient to give this court jurisdiction, jurisdiction depends upon whether or not title to the passway was involved. . . .

"It is insisted by counsel for appellant that the effect of the judgment in this case is to establish appellee's claim and title to the passway in question. That, however, is not the case. The judgment herein is not a bar to an action in ejectment, either by appellant or appellee. It does not establish appellee's title to the passway. The right to the passway may be hereafter litigated. As appellant's answer did not bring into question the title, so that the judgment would bar an action in ejectment, the amount in controversy is only $150.00. This is not sufficient to give this court jurisdiction."

Haynes v. Adsit, *supra*, is to the same effect.

In principle there is no difference between those cases and the case at bar.

Appeal dismissed.