## Phelps, et al. v. Johnson.

(Decided January 16, 1919.)

### Appeal from Christian Circuit Court.

1. Appeal and Error—Amount in Controversy.—Where the amount involved is less than $500 but as much as $200, an appeal must be sought in this court, unless the title to land, or an easement therein, or a statutory lien upon land be directly involved.

2. Appeal and Error—Amount in Controversy.—Where the amount in controversy is only $188, the trial court is without jurisdiction to grant an appeal to this court even though the judgment enforces a mortgage lien upon a house and lot, because a mortgage lien is not a statutory lien and the title to land is not directly involved.

3. Appeal and Error—Jurisdiction.—Where the appeal is granted below in a case in which the lower court did not have jurisdiction so to do, the appellant must abandon the appeal granted below and seek one in this court, else the appeal will be dismissed.

TRIMBLE & BELL for appellants.

LINTON & CLARK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Dismiss-
ing appeal.

This action was commenced in the Christian circuit
court to recover on a note for two hundred ($200.00)
dollars, and to enforce a mortgage on a small house and
lot in Hopkinsville executed to secure the note. A decree
was entered in favor of the plaintiff for $188.00 and in-
terest, a part of the note only, and adjudged the real
property subject to the mortgage lien. From that judg-
ment appeal was prayed and granted in the court below.
While the question is not made, in the record, we appre-
hend that appellants were not entitled, as matter of right,
to an appeal in this case under section 950, Kentucky
Statutes, and this being so the court below was without
power to grant an appeal. As provided in said section,
when the amount in controversy is less than $500.00 and
as much as $200.00, "the party desiring an appeal may
do so upon paying the tax and filing the record  .  .  .
in the time and manner provided in other like cases, and
entering a motion that the appeal be granted" in this
court. If after examination of the record the court is of
opinion that the appeal should not be granted, the motion
will be overruled.

The amount in controversy in this case is only $188.00,
with interest. The mere fact that appellee is attempting
to enforce a mortgage on real estate, and the trial court
has adjudged a lien does not confer upon appellants *ipso
facto,* the right of appeal because the mortgage is not a
statutory lien and the title to real property is not directly
involved. It will be observed that the section of the stat-
ute to which reference is made, expressly allows an ap-
peal where a statutory lien is involved, and with equal
clearness denies an appeal where a lien by contract only
—such as a vendor or mortagee holds—is being enforced,
if the amount in controversy is less than the sum fixed
by statute.

As said in Gering v. Hoke, et al., 164 Ky. 722, an ap-
peal granted by the lower court is without force where
the amount in controversy is less than $500.00, even
though a mortgage or vendor's lien is adjudged against
real estate. The appeal must be sought here, else it will
be dismissed. While in that case the court varied the
rule in order to expeditiously dispose of the appeal, and
treating the record as a motion by the plaintiff for an
appeal, dismissed the appeal upon the merits, the statute

as well as the established rule does not allow this court to take jurisdiction where the amount is less than $500.00 and dispose of the case upon its merits, unless the title to land or the right to an easement therein be directly involved, or a statutory lien on land is sought to be enforced, or where one of the other reasons stated in the statute exists.

In other words a trial court is without power to grant an appeal where the amount in controversy is less than $500.00, though over $200.00, unless (1) the title to land be directly involved; or, (2) the right to an easement in land be directly involved; or, (3) the right to enforce a statutory lien on land be directly involved. Neither case exists here. In no other case, where the amount is less than $500.00, except where an injunction is sought, will an appeal granted by the circuit court be recognized in this court. The appeal must be sought in this court. Gering v. Hoke, et al., *supra*. For discussion for right of easement see Haynes v. Adsit, 167 Ky. 443; L. & E. Ry. Co. v. Grigsby, 176 Ky., 727. If no appeal is attempted to be granted below, or having been granted is abandoned, the filing of the record in the office of the clerk of this court will be treated as a motion for appeal; but if the appellant relies upon the appeal attempted to be granted below, a dismissal will be ordered without a consideration of the merits of the case. The proper practice is to file the record in the office of the clerk of this court and enter motion for an appeal, which motion will be passed upon after an examination of the record and a consideration of the case upon its merits. Searcy v. Golden, 180 Ky. 324; Carter County Bank v. Eifort, et al., 179 Ky. 232; City of Covington v. Sullivan, et al., 172 Ky. 534; Matney, et al. v. Edmonds, et al., 179 Ky. 243; Haynes v. Adsit, *supra;* Tinsley v. Jones, 169 Ky. 279; Davis, et al. v. Davis, et al., 178 Ky. 779; L. & N. Ry. Co. v. Grigsby, *supra.*

We regret after examining the record and considering the case upon its merits that we are not privileged to grant an appeal and reverse the judgment.

Appeal dismissed.