## Stafford, et al. v. Johnson.

(Decided June 18, 1920.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error—Action for Damages for Trespass to Land.— In a suit to recover damages for trespass to land, or obstruction of an easement thereon, an answer denying plaintiff's title without alleging title in defendant is insufficient to involve the title so as to confer jurisdiction on this court under the provisions of section 950 of the statutes. In order to do so there must be a contest over the title between the parties litigant. The judgment in such case will not bar a future action in ejectment for the purpose of determining the title to the subject matter involved.

2. Appeal and Error—Jurisdiction—Dismissal.—If in such case there is no claim of title by the defendant and he only denies that of plaintiff, the amount of the money judgment is the only thing involved, and if it is not sufficient to give this court jurisdiction, the appeal will be dismissed.

W. H. VAUGHN & SONS for appellants.

WELLS & WELLS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The appellee and plaintiff below, Mason Johnson, filed this suit in the Johnson circuit court against appellants and defendants, F. M. Stafford and W. T. Stafford, alleging that he was the owner and entitled to the possession of an easement over and across the lands of the defendants, which easement he particularly described, and that the defendants were obstructing the passway and withholding its possession and use from him, which they had done for a period of three years, and that he was thereby damaged in the sum of $100.00 per year and he sought judgment against defendants for the possession of the passway and for $300.00 damages.

The answer was a general denial, containing no affirmative averment of title to the passway, in defendants or any one else. At the trial there was a verdict in favor of plaintiff for the sum of $150.00, for which amount judgment was rendered, but there was no adjudication of the title to the passway. Seeking a reversal of that judgment, defendants have appealed, relying upon a number of grounds for a reversal, none of which are we able to consider, since under the rule announced in a number of cases from this court we are without jurisdiction to consider the case upon its merits.

Section 950 of the Kentucky Statutes denies the right of appeal to this court under any conditions when the value in controversy is less than $200.00, unless the title to real estate or to an easement therein, or the enforcement of a statutory lien thereon is involved. The general rule as to what issues are involved in the litigation, is that "a judgment is conclusive upon every matter actually and necessarily decided in the former suit, though not then directly the point in issue." Freeman on Judgments, section 256. In section 257 of the same work it is said: "It is not necessary to the conclusiveness of the former judgment that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. 'Every point which has been either expressly or by necessary implication in issue, which must necessarily have been decided in order to support the judgment or decree is included.' "

It would seem to logically follow that the denial by the defendants of plaintiff's ownership of the passway in question would put that fact in issue and therefore involve the question of plaintiff's title to it. No other conclusion to our minds would possess the elements of soundness, but this court, in the case of Ponder v. Lard, 102 Ky. 605, held that in an action of trespass to realty where the plaintiff alleged title in himself, which was only denied by defendant, the question of title to the land trespassed upon was not involved. The judgment in that case was for only $25.00 damages for the trespass complained of, and the appeal was dismissed for want of jurisdiction. That case has been followed by those of I. C. R. R. Co. v. Major, 121 S. W. R. (Ky.) 646; Cook v. Rockhouse Realty Co., 159 Ky. 710, and Lexington & Eastern Railway Co. v. Grigsby, 176 Ky. 727.

The Major and Grigsby cases involved the right of plaintiff to a passway and damages for its obstruction or destruction by the defendant. In neither of them was the title to the passway contested through a claim of ownership by defendant, though the answer in each case denied plaintiff's title. In asserting the insufficiency of the answer in the Major case to create an issue as to the title so as to involve the right to the easement as contemplated by section 950 of the statute, the opinion says:

"Appellant merely denied the title of appellee, and that it damaged the passway in question. . . . The answer nowhere claims the land as that of defendant; and, while it denies the right of recovery, the answer does not bring into question the title, so that a judgment herein would bar an action in ejectment."

In the Grigsby case this court construed the answer of the defendant to be only a denial of the appellee's title to the easement, and the judgment being for only $150.00 damages, the appeal was dismissed. In the course of the opinion the court said: "The pleadings nowhere ask the court to adjudge the rights of the parties to the passway, and the judgment made no attempt to do so. It is the character of the judgment that controls the right of appeal. Haynes v. Adsit, 167 Ky. 443."

These cases, if followed, are conclusive of the question. Whatever may be said of their soundness as an original proposition, the question of practice which they announce has become too firmly fixed in this jurisdiction

to attempt to overthrow it now. The doctrine of *stare decisis* compels us to adhere thereto, since we conclude it is better for the rule to remain as it is than to attempt to unsettle it at this late day.

We do not regard the opinion in the case of Central Kentucky Natural Gas Co. v. Stevens, 134 Ky. 306, as being in conflict with the cases cited. The matter involved there was the title to the royalty due from the operator of a gas well drilled in land about which there was a dispute as to its ownership. The plaintiff sued the operator of the well, who answered that another claimed the title to the land and made the answer a cross-petition against him, but the court overruled the motion for that purpose and plaintiff recovered judgment for the amount of royalty claimed by him. It was held that the court should have allowed the cross-petition to be filed and the title to the royalty determined and the trial court erred in declining to do so. It was furthermore held in that opinion that the title to the royalty not only involved the value of that portion of it due at the time of the filing of the suit, but that which might become due from future operations. From these facts it will clearly appear that that opinion is not in conflict with the other cases.

The only matter involved, then, on this appeal being the judgment for $150.00, and it being insufficient to give this court jurisdiction, the appeal is dismissed.