### Frazier v. Ison.

(Decided April 25, 1922.)

### Appeal from Letcher Circuit Court.

1. Appeal and Error—Jurisdiction—Amount in Controversy.—On appeals from judgments for the recovery of money, the jurisdiction of the Court of Appeals is limited to cases where the amount in controversy, exclusive of interest and costs, is as much as $200.00.

2. Appeal and Error—Jurisdiction—Amount in Controversy—Title to Realty.—Where in an action to recover damages for cutting timber from land claimed to be owned by plaintiff, plaintiff did not ask that his title be quieted and defendant filed no answer, and

only the question of damages was submitted to the jury, which returned a verdict for $185.00, and the judgment followed the verdict and did not adjudge that plaintiff was the owner of the land, the title to land is not involved and the amount in controversy being less than $200.00, exclusive of interest and costs, the Court of Appeals is without jurisdiction to entertain the appeal.

D. D. FIELD & DAY for appellant.

R. MONROE FIELDS, F. G. FIELDS and DAVID HAYS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Dismissing the appeal.

Alleging that he was the owner of a certain tract of land and that the defendant, Andrew Frazier, had cut and removed therefrom timber of the value of $185.00, plaintiff, Philip Ison, brought suit against the defendant on March 4, 1918, to recover damages. On April 1, 1918, defendant filed a demurrer to the petition and the cause was submitted on the demurrer. On January 30, 1920, plaintiff filed an amended petition, stating that the defendant had cut and removed timber of the value of $185.00. On January 31, 1920, the demurrer to the petition and amended petition was overruled. The defendant asked for further time to file an answer. The court overruled the motion, but offered to allow the defendant to plead on that day or to controvert the petition and amended petition of record. Defendant declined to do either and the court ordered the trial to proceed. The allegations of the petition and amended petition were taken for confessed, and the question of damages submitted to a jury, which returned a verdict in favor of plaintiff for $185.00, and judgment was entered accordingly. A new trial was asked on the ground that the court erred in refusing to give the defendant a reasonable time in which to answer and in ordering the case to go to trial in the absence of the defendant who, it is claimed, left the courthouse with the understanding between him and the court that he was to be notified when the case was called. The motion for a new trial having been overruled, defendant appeals.

At the outset we are met by a motion to dismiss the appeal for want of jurisdiction. On appeals from judgments for the recovery of money, our jurisdiction is limited to cases where the amount in controversy, exclusive of interest and costs, is as much as $200.00. Section 950,

Kentucky Statutes.   We have ruled in numerous cases that where, in an action for trespass in cutting trees from land alleged to be the property of the plaintiff, the defendant denies plaintiff's title, but sets up no title in himself, the title to land is not involved so as to give jurisdiction of an appeal from a judgment for damages for less than $200.00.   Ponder v. Lard, 102 Ky. 605, 44 S. W. 138; I. C. R. Co. v. Major, 121 S. W. 646; Cook v. Rockhouse Realty Co., 159 Ky. 710, 169 S. W. 480. Here plaintiff did not ask that his title be quieted, but prayed for damages only.   No answer was filed by the defendant.   Only the question of damages was submitted to the jury.   The verdict was for $185.00.   The judgment followed the verdict and did not adjudge that plaintiff was the owner of the land.   Therefore the title to land is not involved and the amount in controversy being less than $200.00, exclusive of interest and costs, we are without jurisdiction to entertain the appeal.

Appeal dismissed.