## Powell, et al. v. Minter, et al.

(Decided June 15, 1926.)

### Appeal from Jackson Circuit Court.

1. Appeal and Error.—A vendor's or a mortgage lien is not a stat-
   utory lien within Ky. Stats., Supp. 1924, section 950, providing for
   appeals as a matter of right in actions to enforce statutory liens.
   on land.

2. Appeal and Error.—Circuit court held without jurisdiction to grant
   an appeal, where amount involved was but $55, and appeal did not
   lie as a matter of right.

3. Appeal and Error—Appeal Granted by Circuit Court to Party Not
   Entitled Thereto as a Matter of Right in an Action Involving Only
   $55, Held Admissible Under Statute (Ky. Stats., Supp. 1924, sec-
   tion 950).—Where party not entitled to appeal as a matter of right
   in a controversy involving only $55 was granted an appeal by cir-
   cuit court, filed record in Court of Appeals, but made no motion
   there for appeal, held appeal was dismissible under Ky. Stats.,
   Supp. 1924, section 950.

H. N. DEAN for appellants.

H. F. MINTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Dismissing appeal.

H. F. Minter and Walker McFarland brought this.
action alleging that they as sureties in a note of W. P.
Terry to the Jackson County Bank for $55.00, had paid
the note and that the money was borrowed to make the
first payment on a tract of land bought by W. P. Terry
from Greeley Hisel, and that after Terry had received
the deed from Hisel he executed to them a mortgage on
the land to secure the payment of the money.   They also
alleged that Joe Powell was a holder in due course of
notes to the amount of $300.00 for the balance of the.
unpaid purchase money of the land.   Powell filed his·
answer and cross-petition setting up his notes for $300.00.
Proof was taken and on final hearing the circuit court
adjudged the plaintiffs a lien on the land under their
mortgage and adjudged Powell no lien on the land but
gave him a judgment for his money against the personal
estate of W. P. Terry.   To this judgment Powell ex-
cepted and prayed an appeal to this court, which was
granted.   Powell has filed the record in this court under
the appeal granted by the circuit court but has entered
no motion for an appeal.

The amount of the judgment in favor of Minter and McFarland is only $55.00. The amount of Powell's claim is $300.00. But only $55.00 is in controversy between him, and Minter and McFarland. By section 950, Kentucky Statutes, an appeal lies to this court as a matter of right in an action to enforce a statutory lien on land, but a vendor's lien or mortgage lien is not a statutory lien. Gering v. Hoke, 164 Ky. 722.

No appeal lies in this action, therefore, as a matter of right, and the circuit court was without jurisdiction to grant an appeal. (Childers v. Ratliff, 164 Ky. 123). By section 950, Kentucky Statutes, in such cases where the amount in controversy is between $200.00 and $500.00 this court may grant an appeal on motion.

The rule on the subject is thus stated:

> "If no appeal is attempted to be granted below, or having been granted is abandoned, the filing of the record in the office of the clerk of this court will be treated as a motion for appeal; but if the appellant relies upon the appeal attempted to be granted below, a dismissal will be ordered without a consideration of the merits of the case. The proper practice is to file the record in the office of the clerk of this court and enter motion for an appeal, which motion will be passed upon after an examination of the record and a consideration of the case upon its merits." Phelps, et al. v. Johnson, 182 Ky. 755.

This is the rule steadily maintained by the court, and under the rule, there being no motion for an appeal here, the appeal must be dismissed.

Appeal dismissed.