# Eversole v. Louisville & Nashville Railroad Company.

(Decided January 18, 1927.)

## Appeal from Perry Circuit Court.

1. Covenants—Railroad Held Not Ejected from Land by Judgment Against it, so as to Authorize Recovery of Amount from its Grantor.—Judgment for damages from obstruction of passway over another's land by construction of railroad held not to have ejected railroad company from land conveyed to it for right of way, so as to entitle it to recover amount of judgment from grantor under general warranty in deed.

2. Judgment—Court of Appeals' Conclusion that Title to Land was Not Involved in Action Against Grantee Held Conclusive on Appeal from Latter's Judgment Against Grantor.—Court of Appeals' conclusion that title to land, conveyed to railroad company for right of way, and rights of one claiming under reservation of passway, were not involved in latter's action against former for damages by obstruction of passway, held conclusive of parties' rights on appeal from judgment of railroad company against grantor for amount paid to satisfy judgment.

D. G. BOLEYN for appellant.

MORGAN, EVERSOLE & BOWLING, WOODWARD, WARFIELD & HOBSON, F. J. EVERSOLE and A. M. WARREN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

This action was instituted in the Perry circuit court by appellee, Louisville and Nashville Railroad Company, against appellant, Irvin Eversole, and it sought to recover from him $399.60 with interest from September 25, 1917, until paid, under a clause of general warranty contained in a deed which he had executed and delivered to the Lexington and Eastern Railway Company, its predecessor in title, and the other facts appearing.

In September, 1910, appellant conveyed to the Lexington and Eastern Railway Company, a tract of land containing 5 acres for a railroad right of way across his farm. In April, 1912, Samuel Grigsby sued the Lexington and Eastern Railway Company to recover damages suffered by him when it constructed its railroad across appellant's farm. That action was tried in the Perry circuit court and Grigsby recovered judgment for $250.00. An appeal was prosecuted to this court, which was dismissed, the opinion being reported in 176 Ky., page 727.

The questions at issue in that action and this court's conclusion thereon may be found by reference to that opinion. In the meanwhile appellee had succeeded to all the rights and liabilities of the Lexington and Eastern Railway Company by purchase, and it was compelled to and did pay the amount of that judgment and its interest and cost. Its right to recover from appellant, Eversole, under the general warranty clause contained in his deed conveying to its predecessor in title the right of way on which the line of railway was constructed is conceded to and necessarily must be predicated upon the fact that the judgment in the Grigsby case in effect evicted it from a portion of the land conveyed to it by appellant. The opinion in the Grigsby case seems conclusively to cut that ground from under appellee. There it was said:

> "The petition seeks damages only, and the judgment is for damages only. The answer traverses the allegations that defendant had appropriated or obstructed plaintiff's passway and dropping ground; pleads estoppel against the plaintiff; and further affirmatively alleges that plaintiff's right of way has, at most, been only slightly changed in its location, and is ample for all reasonable purposes.
>
> "While it is true the answer questions the validity of the reservation in the deed on account of its uncertainty, this is no more than a denial of Grigsby's title and brings the case within the rule announced in the decisions of this court.
>
> "The pleadings nowhere asked the court to adjudge the rights of the parties to the passway, and the judgment made no attempt to do so. It is the character of the judgment that controls the right of appeal. Haynes v. Adsit, 167 Ky. 444."

Further in that opinion the following from I. C. Railroad Company v. Major, 121 S. W. 646, was quoted:

> "It is insisted by counsel for appellant that the effect of the judgment in this case is to establish appellee's claim and title to the passway in question. That, however, is not the case. The judgment herein is not a bar to an action in ejectment, either by appellant or appellee. It does not establish appellee's title to the passway. The right to the passway may be hereafter litigated. As appellant's answer did

not bring into question the title, so that the judgment would bar an action in ejectment, the amount in controversy is only $150.00. This is not sufficient to give this court jurisdiction."

And it was further said:

"In principle there is no difference between those cases and the case at bar."

Upon the conclusion that in the action between Grigsby and Lexington & Eastern Railway Company the title of the tract of land purchased by it from and conveyed to it by appellant, Eversole, and the respective rights of it claiming thereunder, and of Grigsby claiming under his reservation of the passway was not involved or in issue, this court dismissed the appeal upon the ground that the circuit court was without jurisdiction to grant it. However the court as now constituted may view it, that question has been settled so far as this case is concerned and is conclusive of the rights of the parties upon this appeal. The former cause of action and judgment made the basis of appellee's cause of action herein not having in effect evicted appellee of the title of any of the land conveyed to its predecessor in title by appellant, Eversole, the trial court improperly overruled appellant's demurrer to the petition as amended and erroneously awarded it a judgment herein.

For the reasons indicated the appeal is granted and the judgment herein is reversed and cause remanded with direction that a judgment dismissing appellee's petition be entered.