## Griffith Lumber Company v. Kirk et al.

(Decided March 5, 1929.)

W. R. McCOY for appellant.

J. B. CLARKE and JASPER H. PREECE for appellees.

[OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

R. C. Kirk and J. H. Muncy instituted this action against the Griffith Lumber Company to recover damages for trespass. It was alleged that the plaintiffs were the owners of a tract of timber land in Martin county upon which the defendant had unlawfully entered and cut valuable timber, which it had converted to its own use. It was also alleged that the cutting was done in a negligent manner, resulting in injury to other growing timber. The defendant denied the title of plaintiff and the charge of trespass, and asserted ownership of all the land from which any timber was taken by it. A trial resulted in a verdict for the plaintiffs for $205, and the defendant has prosecuted an appeal.

The burden was on plaintiffs to show ownership of the property which they might do by offering the muni-

ments of title, or by the introduction of proof showing adverse possession for the statutory time. There was no evidence of record title. The plaintiffs both testified that a deed had been made to them, but the deed was not introduced in evidence. It was not shown who made the deed, or how the title was derived. There was testimony to the effect that a survey had been made, but the surveyor was not introduced, and there was no map or drawing showing the location or lay of the land. It is impossible to ascertain from the fragmentary testimony appearing in the transcript any accurate understanding of the merits of the controversy. The testimony as to adverse possession was deficient in several particulars. Adverse possession can rest only on physical acts of such character as will give to the real owner of the land constant notice that some other person is in possession of the property. It must be continued uninterruptedly for 15 years. The surveying and marking of a boundary, the payment of taxes, and occasional entries for the purpose of cutting timber are not sufficient to constitute adverse possession. Whitley County Land Co. v. Powers' Heirs, 146 Ky. 801, 144 S. W. 2; Frazier v. Ison, 161 Ky. 382, 170 S. W. 977.

Muncy testified that he had known the land for 14 or 15 years. He was recalled, and, in answer to a question as to how long he had held title to the land, answered 17 years. He further stated that he had been in possession since the deed was obtained, which was 17 years before. But he further stated that the only acts of possession consisted of cutting some timber, and the extent of it is not definitely described. The land in question was a wooded boundary with no one living upon it. A tract of probably 40 acres had been cleared, but no one had lived there, and the proof was wholly inadequate to establish adverse possession of any particular land. The court instructed the jury that, if they should believe that the plaintiffs were the owners of the timber in question, and should further believe that on the occasion mentioned in the evidence the defendant went upon the land and cut and removed trees belonging to plaintiffs, and converted them to their own use, they should find for the plaintiffs the reasonable market value of said trees. The instruction was erroneous in several particulars. The jury was permitted to render a verdict upon mere belief

irrespective of the testimony. The law requires, and the instructions should be so formulated as to compel, the jury to base its verdict upon facts proven by the evidence. Boreing v. Hurst, 45 S. W. 522, 20 Ky. Law Rep. 184. But, as the record stood, the defendant was entitled to a peremptory instruction to find for it, as there was no evidence of title in plaintiffs. If, upon another trial, the plaintiff establishes a paper title traceable to the commonwealth, the jury should be instructed accordingly Patterson v. Moss Tie Co., 71 S. W. 930, 24 Ky. Law Rep. 1571; Goff v. Lowe, 107 S. W. 794, 32 Ky. Law Rep. 1098; Hobson, Blain and Caldwell on instructions, secs. 237, 238, also chapter 66, pp. 740 to 748.

If there should be no proof of paper title, but adequate proof of adverse possession, the court should submit to the jury an instruction substantially as follows:

"If you believe from the evidence that the plaintiffs for a period of fifteen years or more next preceding the time the defendant entered upon the land in controversy, had been in the actual, open, notorious, continuous, adverse and peaceable possession of the land in controversy, claiming the same to a well-defined, marked or natural boundary, and that the defendant, without the consent of plaintiffs, entered upon said boundary and cut and removed timber therefrom, the law is for the plaintiffs and you should find for them, and fix the damages as defined in the next instruction. Unless you so believe and find from the evidence, you should find for the defendant." McGuire v. Lovelace (Ky.) 128 S. W. 309.

The instruction on the measure of damages should conform to the principles set forth in section 603, of Hobson, Blain & Caldwell on Instructions to Juries. Gray Tie Co. v. Clarke, 98 S. W. 1000, 30 Ky. Law Rep. 409; Lindsay v. Latham, 107 S. W. 267, 32 Ky. Law Rep. 867.

Since another trial will be necessary, and the evidence then introduced may be differeent, or show a different situation, all questions, except those expressly decided herein, are reserved.

Judgment reversed for a new trial in consonance with this opinion.