# Gatliff Coal Co. v. Fayette-Jellico Coal Co. et al.
(Decided Feb. 28, 1936.)

TYE, SILER, GILLIS & SILER for appellant.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The Gatliff Coal Company sought to recover of appellees $1,500 for timber it alleged they cut on its property, and from a directed verdict against it this appeal is prosecuted.

The defendants by answer and counterclaim traversed the petition, asserted their ownership of the property in question, and asked to have their title quieted. A reply made the issue.

Plaintiff claims title under a patent issued to George Sproule August 13, 1891, being No. 64367, and thus described:

"Being in the county of Knox on Golden Creek the waters of Big Poplar Creek: Beginning at 2 white oaks and 2 beeches corner of a 50 acre survey made in the name of Stephen Golden Sr., standing on a spire of a ridge near the corner of Goerge Golden's field, thence with Golden's line S. 70 W. 200 poles to a corner of same, thence S. 55 W. 130 poles to a sourwood and beech the beginning corner and corner of 100 acre survey made for Stephen Golden Sr. thence reversing said Golden's line N. 60 E. 130 poles to a stake corner of same, thence N. 70 E. 200 poles to a pine corner of same and a corner of a survey made for S. Mays, thence with Mays' line E. 90 poles to a stake corner of same, thence N. 50 W. 100 poles to a stake on said Goldens' 300 acre survey, thence with the line of 300 acre survey N. 67 E. 50 poles to a locust and dogwood a corner of a 100 acre survey made for said Golden the beginning corner of a 25 acre survey made in the name of M. V. Bray, thence reversing said Bray's lines S. 75 E. 6 poles to a white oak, thence E. 40 poles to a stake corner of same, thence N. 57 W. 120 poles to a stake on Runion's lines, thence with Runion's lines and Mays' lines to the beginning."

If a surveyor were sent out into an open prairie and given these calls and told to run them out and mark the lines and corners, he would la off a figure like No. 1 on the diagram now made a part of this opinion.

The defendants claim title under a patent, No. 28368, issued to Steven Golden on November 4, 1857, and thus described:

"Being in the county of Knox on Goldens fork of Big Poplar Creek and bounded as follows to wit: Beginning at a black oak and beech corner of Stephen Golden Sr., also a corner of S. Mays, thence S. 55 W. 30 poles to a black oak and beech,

thence N. 33 W. 75 poles to a white and two chest-
nut oaks, thence N. 40 E. 25 poles to four chest-
nut oaks the beginning corner of a 300 acre sur-

vey made in the name of Stephen Golden, Jr.,
thence N. 67 E. 380 poles, with said Golden's line
to a stake, thence S. 50 E. 100 poles to a stake Sol-
omon Mays corner, thence W. 90 poles to a pine
corner of said Mays, thence S. 70 W. 200 poles to
a stake, thence S. 60 W. 130 poles to a sourwood
and beech, thence S. 48 E. 30 poles to the begin-
ning.''

While our surveyor is out on the prairie, if he ran
out this patent according to the calls he would lay off
such a figure as is indicated by the solid lines in Fig-
2 of the accompanying diagram.

There is another patent older than either of these. It was issued to Solomon Mays on July 8, 1934, is No. 17859, and it is needless to copy the description in it, for it is not involved and all agree it is shown correctly in Fig. 3 by the lines joining 7–E–EE–F–FF–6 prime to 7 again.

This Mays patent was 23 years old when patent No. 28368 to Golden was issued, and was 57 years old when patent No. 67367 was issued to Sproule.

There is another patent in this record, No. 11645, which was issued to Steven Golden, Jr., on July 10, 1847.

The patent to Mays, No. 17859, does not figure in this case except that it is upon it and No. 11645 these parties depend for the location of their patents Nos. 28368 and 64367.

In Fig. 3, all four of these patents are put together, Nos. 11645 and 17859 being drawn as all agree they should be, No. 28368 is then put in as the defendants (appellees) contend it should be and shaded by lines running east and west, and No. 64367 is put in as plaintiff (appellant) claims it should be and shaded by lines running north and south. Where these lines of shading clash and cross each other is the land in controversy.

### Our Conclusion.

If a surveyor begins at A in Fig. 1 and lays down patent No. 64367 according to the calls, it will make such a figure as in Fig. 1, and if he begins at E, as appellant contends is proper, and should lay it down the fifth line which would then be produced would be crossed by the last line of the survey as shown by Fig. X. To locate this patent as contended for by appellant requires the changing of either the course or distance of almost every line in it, and we conclude the trial court did not err in holding it was void for indefiniteness and uncertainty. See Interstate Coal Co. v. Sproul, 160 Ky. 210, 169 S. W. 698.

Moreover, patent No. 28368, when fairly construed, covers the disputed territory, and being older than Sproule No. 64367, patent No. 28368 must prevail.

Appellant saw its peril and asserted it had acquired title by adverse possession, but when what it

has to show on that score is measured by the rule laid down in Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961, it does not even merit discussion, and the trial court properly directed a verdict for the appellee.

Judgment affirmed; the whole court sitting.