## Norfolk & W. Ry. Co. v. Harmon et al.

June 6, 1939.

James F. Bailey, Judge.

10

Whitwell W. Coxe, Cowden & Cowden and William R. McCoy for appellant.

Jasper H. Preece for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

The appellees, Elza Harmon and Eark Harmon, alleging that they were the owners and in the actual possession of a certain tract of land in Martin county bordering on the Tug river, brought an action on July 9, 1933, against the Norfolk and Western Railway Company to recover $2,995, damages alleged to have been caused by stone, dirt, and other materials placed by the company on the banks of the Tug river which diverted the waters of the river and caused them to flow against appellee's land on the opposite side. The defendant, in its answer, denied that the plaintiffs had title to the land in question, and affirmatively alleged that it constructed a fill on the West Virginia side of the Tug river in 1925; that the fill was a permanent structure and was completed in September, 1925; and it pleaded and relied upon the five year statute of limitations. It was also alleged affirmatively that the plaintiffs were not the owners of the land described in the petition at the time the fill or embankment was constructed, but that said land was owned by Napoleon Harmon and Nora Harmon, and the title thereto did not vest in plaintiffs until the death of Nora Harmon in 1933, and therefore the plaintiffs could not maintain an action for the recovery of the alleged damages.

It appears that Napoleon and Nora Harmon conveyed the land to plaintiffs on January 21, 1925, the consideration being that the grantees should care for and support the grantors during their lives. The deed contained this reservation:

"The party of the first part herein reserves the ownership over and control of and the right to reconvey the same and pass title thereto in the event they may desire for and during the natural life time or the life time of either of them, but upon the death of both, then said property is to go to the parties of the second part."

On October 23, 1937, the plaintiffs filed an amended petition reducing the amount of damages claimed to $199. On the trial of the case, the jury returned a verdict for $100 for plaintiffs. A number of grounds are assigned for a reversal of the judgment, including the one that the action was barred by limitations. In this respect the case is on all fours with Norfolk & Western Railway Company v. Little, 274 Ky. 681, 120 S. W. (2d) 150, but we are confronted at the outset by a question of jurisdiction which, if decided adversely to appellant, precludes a consideration of the case on its merits. It is appellant's contention that appellees' title to the land was put in issue, and therefore this court has jurisdiction regardless of the amount of the judgment.

Section 950-1 of the Kentucky Statutes reads in part:

"An appeal may be taken to the court of appeals as a matter of right from the judgment of the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon is directly involved, but no appeal shall be taken to the court of appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or to enforce any lien thereon, if the value in controversy be less than five hundred dollars, exclusive of interest and costs."

When the amount in controversy is as much as $200, exclusive of interest and costs, and less than $500, a party desiring to prosecute an appeal may do so by filing the record in the office of the clerk of the Court of Appeals and entering a motion that the appeal be granted. Section 950-3, Kentucky Statutes. Where a money judgment is for less than $200, the Court of Appeals is without jurisdiction.

In the present case, the appellees sought damages for alleged trespass. One of the defenses interposed by appellant was want of title in appellees. Appellant did

not assert title in itself, but defended on the ground that appellees did not have title to the land involved at the date of the alleged injuries and could not maintain the action. A number of cases, including Griffith Lumber Company v. Kirk, 228 Ky. 310, 14 S. W. (2d) 1075; Central Kentucky Natural Gas Company v. Stevens, 134 Ky. 306, 120 S. W. 282; Patterson v. Moss Tie Company, 71 S. W. 930, 24 Ky. Law Rep. 1571, and Clements v. Waters & Hayden, 90 Ky. 96, 13 S. W. 431, 11 Ky. Law Rep. 880, are cited in support of the contention that, the title to the land being involved, the court has jurisdiction. In Griffith Lumber Company v. Kirk, supra, the defendant not only denied the title of the plaintiff, but asserted title in itself, and, of course, the title was directly involved in the case. The same was true in Patterson v. Moss Tie Company, supra. In Clements v. Waters & Hayden, supra, the plaintiff was asserting the right to enforce a statutory lien. In Central Kentucky Natural Gas Company v. Stevens, supra, the gas company had an oil and gas lease on a tract of land claimed by G. W. Pointer. William Stevens also claimed title to the land. After the company put down a well and struck gas, a controversy arose between Stevens and Pointer as to whose land the well was on. Stevens brought an action against the gas company to recover the royalty, and the company answered denying that the well was on Stevens' land and made its answer a cross-petition against Pointer and asked that Pointer be brought before the court and that the court then determine which of the two claimants should be paid. This court took jurisdiction, though the judgment was for less than $200, but the title to the land was in issue between two proper parties to the litigation. However, where the defendant in an action for damages for injuries to land merely denies the plaintiff's title and does not assert title in himself, the title is not directly involved within the meaning of Section 950-1.

In Laurel County v. Hubbard, 263 Ky. 381, 92 S. W. (2d) 359, 361, an action was brought against the county to recover damages for alleged injuries to a lot caused by the construction of a public road. In its answer, the county denied plaintiff's title to the portions of the alleged lot he claimed were damaged, and affirmatively pleaded that the county of Laurel was the owner. The county appealed from a judgment against it for the sum of $150 and a motion to dismiss the appeal, because the

amount involved was below the jurisdiction of this court, was overruled, but, after citing Section 950-1, of the Statutes and a number of cases, this court said:

"Those cases declare that where plaintiff seeks damages for injuries to realty and asserts title in himself, and defendant merely denies it, but does not claim or assert title in himself (but controverts the damages only), then neither the title nor any easement right is involved so as to give this court jurisdiction under the provisions of the statutes, supra. But where plaintiff in such actions asserts title or right in himself which is denied by defendant, accompanied with an affirmative averment that defendant owns the land or right in question, then the title or the claimed easement is involved so as to be comprehended by the section of the statute, and in which case this court would have jurisdiction of an appeal by the unsuccessful party from any judgment rendered in the cause."

In Frazier v. Ison, 194 Ky. 550, 240 S. W. 39, Philip Ison, alleging that he was the owner of a certain tract of land, brought an action against Andrew Frazier to recover damages for a trespass. The defendant appealed from a judgment against him for $185, and the appeal was dismissed on the ground that this court was without jurisdiction. In the course of the opinion it was said:

"At the outset we are met by a motion to dismiss the appeal for want of jurisdiction. On appeals from judgments for the recovery of money, our jurisdiction is limited to cases where the amount in controversy, exclusive of interest and costs, is as much as $200. Section 950, Kentucky Statutes. We have ruled in numerous cases that where, in an action for trespass in cutting trees from the land alleged to be the property of the plaintiff, the defendant denies plaintiff's title, but sets up no title in himself, the title to land is not involved so as to give jurisdiction of an appeal from a judgment for damages for less than $200."

To the same effect are Stafford v. Johnson, 188 Ky. 576, 222 S. W. 929; Lexington & Eastern Railway Company v. Grigsby, 176 Ky. 727, 197 S. W. 408; Cook v. Rockhouse Realty Company, 159 Ky. 710, 169 S. W. 480; Illinois Central Railroad Company v. Major, Ky.

121 S. W. 646; Ponder v. Lard, 102 Ky. 605, 44 S. W. 138, 19 Ky. Law Rep. 1649.

In Stafford v. Johnson, supra, the soundness of some of the earlier cases was questioned, but this court said [188 Ky. 576, 222 S. W. 930]:

"These cases, if followed, are conclusive of the question. Whatever may be said of their soundness as an original proposition, the question of practice which they announce has become too firmly fixed in this jurisdiction to attempt to overthrow it now. The doctrine of stare decisis compels us to adhere thereto, since we conclude it is better for the rule to remain as it is than to attempt to unsettle it at this late day."

Upon the authority of the foregoing cases, the appeal must be and is dismissed.