## Jones v. Baker, Police Judge.

(Decided October 18, 1929.)

BROCK & WALL for appellant.

J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The appellant and plaintiff below, F. M. Jones, is a licensed attorney and has an office and engages in the

practice of law in Harlan, Ky. Some time prior to the beginning of the year 1929, the city council of Harlan enacted an ordinance levying various professional and occupational license fees upon persons engaged in the callings subject to the license, and providing a penalty for so doing, without obtaining the required license, of a fine of not less than $5 nor more than $19, and it further provided that each 24 hours of such engagement should constitute a separate offense.

Plaintiff was such a licensed attorney on the 1st day of January, 1929, and continued to practice his profession in Harlan without obtaining the license required by the ordinance, the fee for which was $10. On the 18th day of April, 1929, plaintiff still having failed to obtain the license, a warrant was issued for him, and he was cited to appear before the defendant, Baker, who was police judge of the city of Harlan, for trial. He did not appear at the designated time and the minimum fine for his violation was assessed against him, but he still failed and refused to obtain the license until May 23, thereafter. But beforehe did so another warrant was issued by defendant on a similar charge, followed by a similar conviction and fine.

On June 6, 1929, plaintiff filed this action in the Harlan circuit court against defendant in his official capacity seeking to prohibit defendant from further prosecuting him for other infractions of the ordinance, and in his petition the foregoing facts were incorporated, with elaboration, as were also all the grounds for the writ, none of which impresses us as possessing merit, and none of which will we set out in this opinion for the reason hereinafter appearing. Upon the hearing the presiding judge of the Harlan circuit court sustained the motion in part and issued the writ to the extent of prohibiting defendant from instituting proceedings and trying plaintiff for any violation of the ordinance occurring prior to April 18, 1929, when he was first convicted, but overruled the motion and declined to prohibit defendant from prosecuting plaintiff for violations of the ordinance between that date and May 23d thereafter, when he procured the license. From that portion of the judgment sustaining the motion and granting the writ as to violations occurring prior to plaintiff's first conviction, there was no appeal, nor is there any motion for a cross-appeal on this record, which is an attempted appeal by plaintiff from so much of the judgment as overruled his motion and refused to pro-

hibit defendant from prosecuting him for each violation of the ordinance occurring between April 18, 1929, and May 23d thereafter, but for the reasons stated below we will be compelled to dismiss the appeal without determining the merits of the case.

The record upon which this appeal is attempted to be prosecuted is made up solely of the original papers filed in the circuit court, and none of them was, either singly or collectively, certified by the clerk of the court as constituting the record upon which the case was heard in the circuit court. Section 737 of our Civil Code of Practice expressly provides for the making of a certified copy or *transcript* of the record of the case in the circuit court for the purposes of appeal to this court, and which it is required shall consist of a complete copy of all the orders and papers, including the evidence, that composed a part of the record as heard in the trial court, unless a schedule is filed by the appellant directing a less portion of the record transcribed. Section 743 of the same Code, subsection 2, prescribes when and how original papers and records or any portion of the latter may be brought to this court for inspection, and section 4644 of the 1922 Edition of Carroll's Kentucky Statutes provides for the bringing to this court of the original transcript of the evidence heard in the trial court when made and transscribed by the official stenographer of the court, and when properly certified according to immediately prior sections contained in chapter 121 (sections 4631-4645a) of that edition of the statutes relating to official stenographers.

A mere casual reading of the referred to enactments will be sufficient to convince any one, much more a member of the profession, that it was the intention of the Legislature in providing the mode and method of prosecuting appeals to this court to require that the record brought here shall be a transcript or copy of the original papers filed and made a part of the record in the circuit court, and which shall be so *certified* by the clerk, and that the record brought here shall not consist of original papers, except in the instances before mentioned (and they may not then compose a part of the record in this court without pursuing the mode and method pointed out in the above statutes), and except, perhaps, by agreement of all parties. We repeat that without any previous adjudication upon the involved question of appellate practice, we would be compelled to arrive at the con-

clusion stated; but the question has been before this court on prior occasions in which it was so held, and in section 95 on page 172 of Miller's Appellate Practice, the learned author says: "Nothing but transcripts of the original records can be considered on appeals, except as authorized by the Code and Statutes. Nothing but transcripts can be used in appeals, except when ordered by the court."

In notes to that text a number of cases from this court are appended in support of it, among which are: Courier-Journal Job Printing Co. v. Columbia Fire Insurance Co., 54 S. W. 966, 967, 21 Ky. Law Rep. 1258; Farris v. Commonwealth, 63 S. W. 617, 23 Ky. Law Rep. 583; Proctor Coal Co. v. Finley, 32 S. W. 477, 17 Ky. Law Rep. 310; Commonwealth v. Hail, 68 S. W. 848, 24 Ky. Law Rep. 446; Dykes v. Dickinson, 62 S. W. 710, 23 Ky. Law Rep. 229; and Hesch v. Commonwealth, 80 S. W. 158, 25 Ky. Law Rep. 2152. In none of those cases was the record filed in this court made up entirely of the original papers, as is true with the instant one, and in each of them such parts of the record brought here as were only the original used in the trial court were rejected. In the Courier-Journal Job Printing case the record brought here was composed almost entirely of portions of the originals filed in the court below. In the opinion rendered therein such parts of the record as consisted only of the original papers were rejected, and in doing so we said: "The principal part of the testimony brought here on this appeal consists of original depositions taken by notaries public and others during the preparation of this case (in equity) for trial. The depositions were not taken by official stenographers of the court. These depositions, together with many other papers purporting to be original papers of the record prepared in the lower court, are brought here in a trunk, which almost fill it. This court appears never to have ordered any of the original papers brought here, to be used on this appeal. Nothing but transcripts of original records can be used on appeals (Civil Code of Practice, secs. 737, 743), except as authorized by sections 4639, 4641, 4644, Ky. Stats."

The governing rule of practice as so announced therein, followed by a refusal of this court to consider such parts of the original record brought here contrary to the provisions of the sections of the statute and code, supra, has been approved and applied in numerous cases

following the cited ones, and there is no room for contrariety of opinion upon the subject.

It therefore follows that, for the reasons stated, this appeal should be and it is dismissed without prejudice.