## Smith et al. v. State Highway Commission.

(Decided November 4, 1932.)

Opinion Per Curiam—Overruling Motion to Docket, Advance and Submit.

This case is before the court on a motion to docket, advance, and submit the appeal; the original record used in the lower court being tendered as the record on the appeal. The motion to docket the case must be overruled without prejudice to a renewal of the motion when a transcript of the record regularly made up is tendered in lieu of this original record.

The profession seems not to be fully aware of the opinion of this court in Jones v. Baker, 231 Ky. 135, 21 S. W. (2d) 143, wherein we pointed out that the Civil Code of Practice, section 737, requires that a record on appeal shall be a transcript or copy of the original papers filed and made part of the record in the circuit court and shall be so certified by the clerk. We there held that the record on appeal shall not consist of original papers except in certain instances and then in accordance with the rule provided in subsection 2 of section 743 of the Civil Code of Practice. The circuit court has no right or power to authorize the bringing up of the original papers as the record save and except as to original exhibits used in the trial of a case in the circuit court and made part of the record there. By subsection 12 of Rule III of this court, such original exhibits may by order of the trial court be brought to this court without being copied in the record. In rare instances and under special circumstances not here present, this court will permit by its order the original record to be used on appeal, but the order must come from this court and not the circuit court. The reason for the rule prescribed by the Code

is quite apparent. If the original record be brought to this court and here retained, the circuit court is without any record of the case. On the other hand, if the original record be returned to the circuit court, then this court is without any permanent record of the case. Further, when the original papers are brought to this court, there is, as a rule, no index to the record, thus causing much labor and confusion in its examination. The orders of the court are hard to find, and the record is usually in a very confusing state. The labors of this court are quite multifarious, and ought not to be added to by a confused record.

Therefore, as stated, the motion to docket the case must be overruled for the present because the record tendered is the original papers.