## Calveard et al. v. Fitzgerald, Circuit Court Clerk, et al.

(Decided June 25, 1937.)

WILLIAM ALPHA HUBBARD and McCANDLESS & McCANDLESS for petitioners.

JOHN K. TODD, J. BALLARD CLARK, L. W. MORRIS and MARION RIDER for respondents.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Denying writ and dismissing petition.

The petitioners, Fanny Belle Reynolds Calveard and Irvin Reynolds, brought this original action in this court asking for a writ of mandamus against the respondents, Hon. Charles C. Marshall, judge of the Oldham circuit court, and Joseph Fitzgerald, clerk of the Oldham county circuit court, to require respondents to certify and deliver to petitioners certain original depo-

sitions taken by certain notaries public, which depositions were filed by said notaries in the office of Fitzgerald, clerk of the Oldham circuit court, and used as evidence in the trial of a case in the Oldham county circuit court, wherein petitioners were plaintiffs and Lula Adams Reynolds et al. were defendants.

The facts are set out in the petition, which are, in substance, that on the 15th day of February, 1935, the petitioners filed an action in the Oldham circuit court against Lula Adams Reynolds et al. in which petitioners as plaintiffs in said action sought to set aside a certain deed executed by Richard W. Reynolds, in January, 1933, to the defendants, Lula Adams Reynolds et al. On a trial of the case the petition was dismissed and judgment entered in favor of the defendants. Petitioners, plaintiffs in that action, desiring to take an appeal to the Court of Appeals, from that judgment, filed a schedule in the office of the respondent Fitzgerald, clerk of the Oldham county circuit court, directing that all the records therein, except the depositions referred to above, be transcribed, which was done, and the petitioners demanded said transcript of respondent Fitzgerald, and tendered to him his fees, but he has failed and refused to deliver same or to receive the payment of his fees thereon and is now asserting that he will not deliver same, or receive the fees thereon, unless and until petitioners pay him the full amount of fees that he would receive for making a transcript of the depositions, to wit, $344.70, in addition to his fees for the transcript of other parts of the record.

Petitioners further stated that there was no official stenographer in Oldham county and no competent stenographer residing in said county and, in consideration of the situation, it was stipulated and agreed of record by counsel for the petitioners and defendants in the aforesaid action, as follows:

"It is stipulated by and between the parties hereto by counsel, that all depositions, by whoever taken in this case, shall be considered as if taken by the Official Stenographer of this Court, and in event of an appeal to the Court of Appeals without the same being recopied in the record."

Petitioners further stated that in accordance with the above stipulation all the depositions in the case were taken by Joseph E. Longstreet or Nora E. Brown,

both of whom are official stenographers of the Jefferson circuit court, and were certified as being correct by said stenographers in form and manner as required by the statutes of this state, except one deposition taken in Florida by a foreign notary. They further stated that subsequent to the rendition of said judgment these petitioners presented the aforesaid stipulation in open court to the respondent the Hon. Charles C. Marshall, judge of the said court, and also presented said depositions properly certified by said stenographers taking them, and moved the court to attest such depositions as were taken in this state and to require the said Joseph Fitzgerald, clerk of the Oldham circuit court, to transmit same to the clerk of the Court of Appeals, without further transcription, to be used in the Court of Appeals on the appeal of the case, which motion was overruled by the court, and the court refused to attest said depositions as requested, and said Joseph Fitzgerald, clerk, refused to transmit such original depositions to the Court of Appeals. They stated that the defendants in said action did not object to the aforesaid motion before the Oldham circuit court and the only objections to such motion was made by the defendant Joseph Fitzgerald, who demanded that he be paid the statutory clerk's fees (Ky. Stats. sec. 1720) that he would have received for transcribing said depositions, before being required to transmit said original depositions to the Court of Appeals.

Defendants filed their joint answer in which they denied certain allegations of the petition, and further pleaded that the petitioners nor either of them nor their attorney ever suggested or moved the defendant Charles C. Marshall, presiding judge of the Oldham circuit court, to direct that the testimony in the equity action, mentioned and set out in plaintiff's petition, be taken by the official reporter of the Oldham circuit court and a transcript of same be made and filed by said official reporter, and that no order of court was ever made by the presiding judge of said court ordering or directing the official reporter to report said action and to cause to be filed an accurate transcript of same with the papers in the case, and that by reason of the failure of the plaintiffs or their attorney to make such request or motion that such an order be made and by reason of such an order not having been made, Charles C. Marshall, judge of the said court, under the statutes,

was without authority to attest said original depositions so that same might be taken to the Court of Appeals without having been copied by the clerk of the Oldham circuit court and without the statutory cost of copying same being paid to the clerk of said court; that said depositions were taken by stenographers outside of the Twelfth judicial district and filed by said stenographers, but there was no order of the Oldham circuit court directing that said stenographers or either of them take said depositions and that, in the absence of such order of the Oldham circuit court in the prosecution of the aforesaid appeal by plaintiffs, they are not entitled to remove and take said original depositions as part of the transcript of record on said appeal without same being copied in the form and manner required by law and payment to the clerk of the statutory fees allowed for making such transcript; that the clerk has refused and is still refusing to permit plaintiffs to remove said depositions from his office for the purpose of prosecuting said appeal to the Court of Appeals only because of the failure and refusal of the plaintiffs to pay him the statutory fees for preparing said transcript of same, and plaintiffs have refused and are still refusing to do so and have not tendered or paid to him the statutory fee for such services as provided by law and by reason thereof are not entitled to remove said original depositions without paying to said clerk the statutory fees for the transcript of the entire evidence in said equity action.

Fitzgerald, the clerk, filed an amended response in which he stated that he was ready and willing to turn over to petitioners or their attorney, upon payment of the statutory fees, the entire transcript of said record except said original depositions which he still refuses to turn over to them without payment of the statutory fees which he would receive for transcribing said depositions.

The response of defendants was not replied to or otherwise contradicted and the case is submitted upon the facts indicated above.

Petitioners rely upon sections 4639, 4641, and 4644, of Kentucky Statutes, and also the stipulation. These sections of the statute relate to circuit courts in counties having a population of 75,000 and over, and are not applicable to the Oldham county circuit court—that

county not having a population of 75,000. But, even if those statutes were applicable to Oldham county circuit court, they furnish no authority for writ of mandamus against the judge or clerk of the court to require them to transfer original records to this court unless such evidence had been taken as provided in the statutes. We think this case is controlled by section 737 of our Civil Code of Practice as construed in Jones v. Baker, 231 Ky 135, 21 S. W. (2d) 143, wherein the exceptions to the statutes relied on by petitioners are pointed out. See, also, section 743 of the Civil Code of Practice.

However, conceding, arguendo, that the court had a discretion to use, a writ of mandamus would not lie to control the exercise of such discretion. Section 477, Civil Code of Practice and cases cited in notes thereto.

In the case of Smith et al. v. State Highway Commission, 245 Ky. 739, 54 S. W. (2d) 48, the court again referred to the Baker Case, supra, and sections 737 and 743 of Civil Code of Practice, and subsection 12 of rule 3 of this court, using the following language:

"In rare instances and under special circumstances not here present, this court will permit by its order the original record to be used on appeal, but the order must come from this court and not the circuit court. * * * If the original record be brought to this court and here retained, the circuit court is without any record of the case. On the other hand, if the original record be returned to the circuit court, then this court is without any permanent record of the case."

See, also, Bingham v. Anderson, 199 Ky. 680, 686, 251 S. W. 973.

Nor can petitioners rely upon the stipulation to force the respondent Judge Marshall nor the clerk to transmit or cause to be transmitted the original depositions to this court. Parties to a lawsuit may stipulate as to matters not contrary to any rule of law, but the stipulation being contrary to the statute and Civil Code of Practice, and the rule of this court, supra, it cannot be used as a means to bring from the clerk's office of the circuit court the original papers without an order of this court, except as provided by sections 4639 and 4641 of the Statutes, which statutes, as we have already said, are not applicable to the present case.

In the case of Proctor Coal Co. v. Finley, 32 S. W. 477, 478, 17 Ky. Law Rep. 310, the court said:

"Neither the attorneys nor parties can bring from the clerk's office of the inferior court the original papers, without an order of that court, except as provided by sections 4639 and 4641. Where a case involves the settlement of accounts, and books are required, or used as evidence, the original will be brought to this court. But, because of the fact that a record may be made up of depositions that may swell the record to a large bulk, the power will not be, and ought not to be, exercised by this court, of ordering the original depositions brought here, instead of a copy.

"If one of the parties is proceeding in forma pauperis, it would be otherwise; but, as a general rule, parties to cases where the record is made up of large volumes of depositions, are more able to pay than parties to smaller records; and if, in such cases, the original depositions are ordered here, it will deprive the clerk of the fees to which he is justly entitled.

"We find depositions in this case taken before a notary, and no order of the presiding judge requiring the reporter to take depositions. As the record is here, however, it will not be returned, but the party bringing it, must pay to the clerk below the usual fees for copying, or they can have it returned, that the service may be rendered."

Our conclusion is, therefore, that petitioners are not entitled to a writ of mandamus against either of the respondents, Hon. Charles C. Marshall, judge of the Oldham circuit court, or Joseph Fitzgerald, clerk of the said court.

Wherefore, the writ is denied, and the petition dismissed.