## Carter v. Scott.

May 17, 1940.

Churchill Humphrey, Judge.

C. E. Schindler for appellant.

B. M. Harwood for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant, defendant below, was at the time of the transaction involved, engaged in the real estate business under the trade name of ''Southdowns Company.'' Appellant was also an officer of the ''Southdowns Land Co., Inc.'' In bringing suit for a cancellation of a written contract there was some confusion, since appellee began her suit against the corporation, whereas the transaction was had with the Southdowns Company, owned by Carter.

On September 15, 1937, appellee signed a written

contract, whereby she purchased lots 6, 7 and 8 in the Southdowns section in Parksdale Addition, the agreed price being $1,635, of which sum she later made two payments aggregating $650, the remainder to be paid in regular installments. The vendor was to deliver deed when the last payment should be made.

About two months after the signing of the contract appellant filed suit against the Southdowns Land Company, Inc., and in petition alleged the lots pointed out to her at the time of purchase, by the "defendant's agent, were not the lots which the defendant agreed to sell and convey to her;" that the defendant's agent represented that the lots (ostensibly those she thought she had purchased) were suitable for commercial purposes, while the lots designated in the contract were not the lots defendant proposed to sell by the contract, and were unsuitable for commercial purposes; a zoning ordinance prohibiting the use thereof for such purposes.

Upon her pleading she asked for a cancellation of the contract, and for judgment against the "Southdowns Land Company, Inc., for the amount theretofore paid on the sales contract." As a part of and with her petition, she filed the written contract which was signed by "Southdowns Company by Ellerbe Carter," and on this pleading summons was issued against and served upon Southdowns Land Company, Inc. It first made a motion to require plaintiff to make her pleading more definite and specific. The court treated the motion as a demurrer, sustained same with leave to plaintiff to amend.

In an amendment which followed, some portions of the original petition were stricken, but after close analysis we ascertain that the pleader, after setting out the nature of the transaction and payment, made and to be made, charged that the "defendant executed and delivered" the contract of sale, by which defendant agreed to convey to plaintiff, upon the payment of all installments, three building lots which the defendant fraudulently represented to the plaintiff she had selected in the defendant's subdivision, and that said representation was known by the defendant to be false.

The pleading in these respects appears to be subject to the attack made to the effect that it fails to measure up to the rather rigid requirements of pleading in cases where it is sought to annul a contract on the ground of

fraud or mistake. See Dolle v. Melrose Properties, Inc., 252 Ky. 482, 67 S. W. (2d) 706, which cites many controlling cases, and Brockhaus & Co. v. Gilson, 263 Ky. 509, 92 S. W. (2d) 830, and Sparks v. Baker, 272 Ky. 663, 664, 114 S. W. (2d) 1145. However, we will not pursue this question further, since it is apparent that there is fatal error in another respect.

In this first amended petition was a plea of such physical and perhaps mental incapacity on the part of appellee that she was not able to legally contract. We have some doubt as to the sufficiency of this plea, but if the plea of fraud or mistake be properly plead, the physical or mental condition would not avail appellee, unless it be plead and shown that the condition was known to the vendor, or its agents.

Up to this point it must be noted that the pleadings charged the derelictions to the Southdowns Land Co., Inc., and in this state of case the true vendor undertook to make no defense other than by dilatory pleas and motions. Upon filing of the amendment, appellant renewed its motion to make more definite, moved to strike, and also filed a special demurrer. This demurrer was based on the ground that the contract filed with the petition showed that the "Southdowns Company, by Ellerbe Carter," had not contracted to sell appellee any property, and that the two concerns were not one and the same.

Without awaiting the court's ruling on the special demurrer, appellee filed her second amended petition in which she reiterated the allegations of her original and amended petitions, and then alleged that "Ellerbe Carter, who is doing business under the fictitious name of Southdowns Company, and who signed the alleged contract of sale, has failed to comply with the provisions of Section 199b-1, Kentucky Statutes, in that he had not executed and filed in the office of the clerk of the Jefferson County court a certificate setting forth the name under which the business is being conducted in his name as owner of the business, and plaintiff pleads and relies upon the provisions of said Section 199b-1 for the rescission of the alleged contract of sale."

It was further plead that Carter, president of defendant corporation, and Carter, owner of Southdowns Company, is one and the same person. In the prayer of this amendment it was asked that Carter, doing business

as Southdowns Company, be (and he was) made defendant, and for relief, as in the original and amended petition. The relief sought was the annulment of the contract, and a return of the part payment, and in both the original and first amended petitions relief was sought against the corporation on the ground that it, by its agents, had overreached appellee.

It will thus be seen that the second amendment did not sufficiently state a cause of action as against Southdowns Company or Carter. There is a total lack of allegation, even when we read all the petitions, singly or as one pleading, that Southdowns Company, or Carter, or his agents, conducted the sale, showed the property to appellee, or made any promise to appellee.

It is further manifest upon analysis of all the pleadings that appellee sought relief, or demanded judgment against any defendant, save and except the corporation. Giving the last amendment its strongest effect, it can be concluded that appellee, as against Carter, sought only to estop him from defense, because of failure to comply with the provisions of Kentucky Statutes, Section 199b-1. The notes to that section, citing recent decisions of this court, amply demonstrate that such plea was without merit.

Since it is fairly clear that the combination of pleadings did not state a cause of action as against Southdowns Company, or Carter, it is unnecessary for us to give consideration to the procedure following the filings of the various petitions, which the court found to have been "inartificially drawn," and in which appraisement we agree. In addition the record before us is in such condition that we are not required to look to the evidence introduced on the trial.

The proof was taken by depositions, and while the clerk marked same filed, there is no certification by him that they form part of the 49 pages of transcript which he verifies as containing a full and complete transcript of the record and proceedings. These depositions were properly before the chancellor, but not before us for review, because none of them are approved or attested by the court, either by order or indorsement. After setting out the duties of an official stenographer, and the manner of taking and filing, Chapter 121, Kentucky Statutes, Section 4644 provides:

"Any of said transcripts of testimony made by such reporter, as aforesaid, when attested by the judge before whom the trial was had, may be taken, without being copied, to the court of appeals, to be used upon an appeal  *  *  *."

In the instant case it was stipulated by parties that the testimony might be taken in shorthand and transcribed, "same to be filed among the papers of this case, and when so filed shall constitute a part of the record in this case, and read as evidence herein; and when attested by the judge before whom the trial is had, said transcript of testimony may be taken, without being copied, to the Court of Appeals to be used on the trial of this appeal."

Under our repeated rulings the transcript of evidence must be made a part of the record, and this is accomplished by being properly attested by the judge of the court before whom the trial was had.  Jones v. Baker, 231 Ky. 135, 21 S. W. (2d) 143; Patrick v. Com., 213 Ky. 509, 281 S. W. 498, in which latter numerous applicable cases are cited.

However, we have carefully read the evidence of appellee, and that offered in her behalf, and are clearly of the opinion, conceding for argument's sake only that the pleadings sufficiently stated a cause against, and sought relief of Carter or Southdowns Company, nevertheless the proof was far from being sufficient to sustain a charge of fraud or misrepresentation.  We are therefore compelled to reverse the judgment with directions to set same aside.

Judgment reversed.